No. 2864.—F. R. STEVENSON & Co. v. MRS. Z. E. A. RISER et al.

28 421
47 1649

A judgment that has been rendered on a citation addressed to and served upon a partner of the defendant, in a partnership not alleged or shown to be commercial, is an absolute nullity for want of citation. An hypothecary action to recover real estate incumbered by a judicial mortgage resulting from the recording of such judgment, will, therefore, fail, because the judgment being absolutely null for want of citation, the accessory obligation arising therefrom falls with it.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee*, J. *John McKee*, for plaintiffs and appellants. *Rogers & Blanc*, for defendants and appellees.

HOWE, J. This is an hypothecary action to subject land of defendant Mrs. Riser to the payment of a judgment alleged to have been obtained by the plaintiffs against George W. Genkins in the Third District Court of New Orleans. At the time the judgment was recorded in such a way as to act as a mortgage Genkins was owner of the land. The principal defense is that the judgment against Genkins was an absolute nullity for want of citation, and that defendants may urge this nullity as against the hypothecary claims of plaintiffs.

We are of opinion that the citation addressed to and served on the partner of Genkins, in a partnership not alleged or shown to be commercial, could not authorize a judgment against Genkins; that the judgment was an absolute nullity; and the accessory obligation herein sought to be enforced also absolutely null. 21 An. 27.

The cases cited by plaintiffs, announcing the doctrine that seizing creditors can not attack for fraud a judgment rendered long before their claims originated, do not seem to be in point in opposition to this view.

Judgment affirmed.

Rehearing refused.