## No. 2933.

### VILLENEUVE LE BLANC et als. v. PHILIP MARSOUDET et als.

Where a suit was instituted on promissory notes, which were the obligations of an ordinary partnership, whose members were only bound jointly and had to be sued as joint obligors;

Held—That a citation addressed *to the firm*, and served at the elected domicile of the ordinary partners, did not have the effect of bringing them into court. The judgment against them is, therefore, a nullity. The citations should have been addressed to each of the defendants.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *H. J. Grover*, for plaintiffs and appellees. *Carleton Hunt*, for defendants and appellants.

LUDELING, C. J. This is a suit to annul a judgment by default on several grounds. It will be necessary to notice only one of them, to wit: the want of a citation.

The suit in which the judgment complained of was rendered was based upon promissory notes executed by V. Le Blanc, Jr., & Co., an ordinary partnership. Following is a copy of one of the notes:

"$3,500.                           NEW ORLEANS, March 12, 1861.

" On the thirteenth of January next we promise to pay to the order of ourselves, at the office of Messrs. Bellocq, Noblom & Co., in New Orleans, thirty-five hundred dollars, for value received, with interest at the rate of eight per cent. per annum after maturity until paid.

V. LE BLANC, JR., & CO.

The other note was similar to the foregoing, with the exception of the date of its maturity. These being obligations of an ordinary partnership, the members thereof were bound jointly only, and had to be sued and cited as joint obligors. 14 La. 364; McGehee v. McCord et als.

Neither of the joint obligors was cited. The only citation in the record is addressed to V. Le Blanc, Jr., & Co., the firm, and was served at the supposed elected domicile of the defendants. We pre-

termit the expression of an opinion upon the question whether or not the defendants could have been sued out of the parish of their real domicile at the date of the institution of that suit. But we have no doubt that a citation addressed to a firm, and served at an elected domicile of the ordinary partners, did not have the effect of bringing them into court. The citations should have been addressed to each of the defendants. C. P., art. 179, sec. 2.

The defendants in that suit were not cited, and the judgment is an absolute nullity.

It is therefore ordered that the judgment of the district court be affirmed with costs of appeal.

Rehearing refused.