(47 South. 600.)

No. 17,080.

AIKMANN v. SANDERSON & PORTER.

(Nov. 4, 1908. Rehearing Denied Nov. 30, 1908.)

1. PROCESS (§ 72*) — CITATION — SERVICE ON REPRESENTATIVE—VALIDITY.

Residents of other states cannot be brought into the courts of Louisiana by citations served on persons representing them here for business purposes, but shown to be without authority to receive or accept such service.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 86; Dec. Dig. § 72.*]

2. CONSTITUTIONAL LAW (§ 309*)—DUE PROCESS OF LAW.

Nor can residents of other states or foreigners be brought into the courts of this state, upon ordinary demands for money, by process issued from such courts and served beyond the limits of their territorial jurisdiction. Act No. 23, p. 29, of 1900, purporting to authorize such proceedings, is in contravention of the fourteenth amendment to the Constitution of the United States, and therefore void.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 929; Dec. Dig. § 309.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by S. E. Aikmann against Sanderson & Porter. From the judgment, plaintiff appeals. Affirmed.

George Montgomery and E. A. O'Sullivan, for appellant. John May and Victor Leovy, for appellee.

MONROE, J. Plaintiff brings this suit for the recovery of damages for the death of her minor son, resulting, as she alleges, from the negligence of Sanderson & Porter, by whom he was employed. She alleges that the firm is domiciled in New York, and is doing business in New Orleans, but does not state the character of the business, and she gives the names of the members of the firm, but does not give their residences. Citation was issued, addressed to "the firm of Sanderson & Porter, composed of Hobart Porter, Francis Blossom, Richard Talbot, and Rich-ard S. Buck, individually and as members of the firm," and according to the transcript it was returned as having been served on the parties named "by leaving the same at their ———— at time of service."

The parties named came into court, however, and excepted to the service on the grounds that Sanderson & Porter is not a commercial firm, but is an ordinary partnership, and has never been domiciled in Louisiana, and "that the said Winnfield H. Haller, on whom the service was made," was never authorized to represent them, or either of them, in receiving the same; and, after hearing, the exception was maintained (and the defendants relieved from answering until legally cited) by judgment rendered November 15, and signed December 3, 1907.

Thereafter another citation was issued, addressed "to the firm of Sanderson & Porter, composed," etc., which appears to have been mailed, with a copy of the petition, to New York City, and there served by some one (not an officer of the court) by delivering it to "H. Hobart Porter" at 52 William street, which, according to the return, is the office and domicile of the firm. And thereupon the defendants again excepted that there was no legal citation, nor due process of law, and the court again ruled in their favor, holding that the citation was insufficient and that they be relieved from answering until properly cited.

Judgment rendered February 12, 1908, and signed March 4, 1908.

Plaintiff has appealed from both judgments.

On the trial of the first exceptions, W. H. Haller was placed on the stand and testified that the firm of Sanderson & Porter is domiciled at 52 William street, New York City, and that three of the members live in the state, but not in the city, of New York, whilst the fourth lives in California; that he (Haller) has been representing the firm here with respect to such engineering business as

they have instructed him to attend to, but that he is not, and has never been, specially or in writing authorized to receive or accept service of citation for the firm or either of its members. Counsel for plaintiff offered a record in another suit (which has not been included in the transcript), and the case was closed. On the trial of the exceptions last filed there was no evidence adduced.

The question, as presented by the first appeal, then, is whether a firm, apparently of contracting engineers, or the members thereof, all domiciled beyond the limits of the state, can be brought into a Louisiana court, by citation addressed to them, but served on a person who is shown to have been without authority to receive or accept such service. And this question we answer in the negative.

The question presented by the appeal from the last judgment is whether natural persons, citizens of another state, who have transacted and are transacting business here as ordinary partners, and who are represented here only for the purposes of such business, can be brought into a court of this state by means of a citation, addressed to them, taken, by some means unknown to the court, to the state of their domicile, and there delivered, according to the ex parte affidavit of a person unknown to the court, at the domicile of the firm, in the hands of one of its members? And this question, too, we answer in the negative. It is true that Act No. 23, p. 29, of 1900, purports to authorize absentees and citizens of other states and countries to be brought into the courts of this state in that way; but it is established jurisprudence that the way thus provided does not constitute due process of law, within the meaning of the federal Constitution. Kendall v. United States, 12 Pet. 526, 9 L. Ed. 1181; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Mexican Railway v. Pinkney, 149 U. S. 209, 13 Sup. Ct. 859, 37 L. Ed. 699; Goldey v. Morning News, 156 U. S. 521, 15 Sup. Ct. 559, 39 L. Ed. 517; Dull v. Blackman, 169 U. S. 243, 18 Sup. Ct. 333, 42 L. Ed. 733; Caledonian Coal Company v. Baker, 196 U. S. 444, 25 Sup. Ct. 375, 49 L. Ed. 540; Clark v. Wells, 203 U. S. 168, 27 Sup. Ct. 43, 51 L. Ed. 138.

The act relied on by plaintiff is therefor void.

Judgment affirmed.