O’NIELL, J.
The only question presented for decision is whether the method provided by article 198 of the Code of Practice, for service of citation “on any commercial association trading under a title or as a firm,” applies to an ordinary partnership, i. e., a partnership of which the members are liable only jointly.
The suit is for damages for injury alleged to have been done by defendant to plaintiffs’ commercial standing and credit, by an alleged publication and circulation of reports said to be false and libelous.
The plaintiffs alleged in their petition that the defendant, R. G. Dun & Co., was a commercial firm, composed of several persons whose names were unknown to petitioners, and domiciled and doing business in the parish of Orleans, state of Louisiana. The prayer of the petition was for service upon and judgment against the commercial firm of R. G. Dun & Co. There was no demand for service upon or judgment against any individual member of the firm.
The citation was addressed: “To the commercial firm of R. G. Dun & Company, New Orleans.” Service was made by delivering a copy of the citation and petition into the hands of a clerk in the employ of the defendant, in the company’s office in New Orleans; all of the members of the firm being then absent. The sheriff’s return is in due form, and its recitals are not disputed.
The defendant excepted to the mode of service of citation, and to the jurisdiction of the court, on the following grounds, viz.:
(1) That the defendant was not domiciled in New Orleans, but in New York City, to the knowledge of the plaintiffs, and that none of the members of the firm were residents of, or were actually in, the state of Louisiana.
(2) That the defendant was not a commercial firm, but an ordinary partnership; and that service of citation on a clerk in the firm’s office was not according to law and was invalid.
(3) That the service of citation was not made upon a person alleged in the petition to be a duly authorized agent of R. G. Dun & Co., as required by the Code of Practice.
(4) That there had not been a legal service of citation upon any duly authorized agent, nor service upon any person authorized to be served, under the laws of this state.
On trial of the exceptions, the defendant proved by the testimony of the clerk, in whose hands the copy of the citation and petition had been left, that he did not accept service or acknowledge its validity, nor pretend to have authority to represent the firm *1047 in the matter of service of citations, when the papers were served upon him. He acknowledged that he was, and had been continuously for 17 years, a clerk in the defendant’s employ, in the New Orleans office, in which the company conducted its business in this district. The defendant then proved, by the testimony of the district manager, that the company’s home office was in New York City; that the firm was composed of three members, residing, respectively, in New Jersey, New York, and Maryland; that the business of the firm consisted in procuring and furnishing to its subscribers information regarding the financial standing, credit rating, etc., of traders and business establishments generally; and that the firm also conducted a collection agency, collecting bad debts, but was not engaged in buying or selling goods or property of any kind. It was shown, by the testimony of the district manager, that the defendant had maintained the same office in New Orleans for more than 30 years, paying a license to the city and to the state for the business conducted there.
The plaintiff then introduced in evidence, in connection with the cross-examination of the district manager, the petitions in three suits in which R. G. Dun i& Co. had obtained judgments by default against other and different parties, in the city court of New Orleans ; which suits were filed, respectively, seven, four, and three months prior to the institution of the present suit. The purpose of the evidence was to prove that R. G. Dun & Co. was a commercial firm doing business in New Orleans, and had judicially acknowledged that fact. The petition in each of the three suits in the city court declared that it was the petition of R. G. Dun & Co., a commercial partnership, domiciled and doing business in the city of New York, state of New York, and also doing business in the city of New Orleans, state of Louisiana.
On re-examination of the district manager, the defendant proved that the allegation, in each of the previous suits, that R. G. Dun & Co. was a commercial partnership, was made by the attorneys for the company without authority from the manager, who did not know the difference between a commercial and an ordinary partnership. The evidence was promptly objected to by plaintiff’s attorney, on the ground that the defendant was estopped and forbidden to deny the judicial declaration that the firm was a commercial partnership, especially without having alleged that the declaration was made in error. The objection was overruled, and a bill of exceptions was reserved and is urged in this appeal.
The district court held that the defendant was only an ordinary partnership, not a commercial partnership, and that the only legal or effective method of serving citation upon an ordinary partnership was by service upon each and every member of the firm, in person. The ruling of the court was that the service of citation in this case had no effect, that the defendant was dispensed and relieved from answering the suit until legally cited, and that no other exception was passed upon. From that ruling, the plaintiffs prosecute this appeal.
Opinion.
It is conceded by the defendant that, as the district court did not decide or consider the plea to the jurisdiction, we are not now called upon to decide whether the court has jurisdiction to render a judgment against the defendant partnership in this suit, if the service of citation is legal. In other words, the question whether the firm or partnership styled R. G. Dun & Co., doing business in New Orleans, is within the jurisdiction of the civil district court, is not now before us for decision.
• Assuming, merely for the purpose' of this decision, that the defendant partnership is subject to the process of the civil district court, the question is whether the partner *1049 ship has been legally cited. And, in our opinion, that question does not depend upon whether the defendant is a commercial partnership or only an ordinary partnership; that is to say, whether it is a partnership for whose debts the members are liable in solido, or a partnership for whose debts the members are liable only jointly. Hence we deem it unnecessary to decide now whether the defendant is judicially estopped or bound by the declaration, made in the other suits, that the firm was a commercial partnership.
Article 198 of the Code of Practice purports to provide a method or process for serving citation upon any and every character of juridical or fictitious being, or association of persons. It declares that, when a suit is brought against a corporation, a public institution, or against “persons associated in ordinary partnership,” the service must be made as follows: Then follows, each in a separate paragraph, the method of service of a citation addressed to: First a municipal or other political corporation; second, a banking institution; third, other civil corporations, religious corporations or public institutions ; and, fourth, partnerships or firms, viz.:
“In suits against any commercial association trading under a title or as a firm, on any of the partners in person, or at their store or counting house, by delivery to their clerk or agent.”
The argument of the learned counsel for the defendant is that the expression, “commercial association trading under a title or as a firm,” means only a “commercial partnership,” in the technical sense in which articles 2824 and 2872 of the Civil Code distinguish “commercial” from “ordinary” partnerships; the members of the former class of partnerships being liable in solido, and the members of the latter class being liable only jointly, for the debts of the partnership. The' argument ignores the expression, “ordinary partnership,” used in the opening paragraph of the article in question, declaring or defining the classes of associations to which the subsequent paragraphs apply.
Eliminating what does not apply to a partnership or firm, article 198 of the Code of Practice would read thus:
“When a suit is brought against * * * persons associated in ordinary partnership, * * * i. e. against any. commercial association trading under a title or as a firm, * * * the service must be made * * * on any of the partners in person, or at their store or counting house, by delivery to their clerk or agent.”
In other words, in a suit against either kind of partnership, that is, against an “ordinary partnership” or “against any commercial association trading under a title or as a firm,” if the citation be served upon one of the members in person, the service may be made wherever he is found; but, if it be served upon a clerk or agent of the firm or partnership, the service must be made at the office, store, or counting house of the firm or partnership.
Article 182 of the Code of Practice provides that, if the defendants in a suit are members of the same firm, it will be sufficient to deliver a copy of the petition and citation to the person representing the defendants. The article has been construed not to .permit a personal judgment to be rendered against an individual member of an ordinary partnership by service of citation upon his copartner. See Stevenson v. Riser, 23 La. Ann. 421. But there is no reason to doubt that service of citation upon one member of the firm is sufficient for obtaining a judgment against a partnershp, whether commercial or ordinary.
If the judgment of the district court is correct, the Code of Practice does not contain any provision whatever for service of citation in a suit against an ordinary partnership. We cannot believe that the framers of articles 182 and 198 of the Code of Practice were guilty of such negligence, especially as *1051 the conclusion would have nothing to rest upon except the supposition that the term, “any commercial association trading under a title or as a firm,” is used in the technical sense of “commercial partnership,” and that the term “ordinary partnership,” in the first paragraph of the article, also means a commercial partnership, technically, not an “ordinary” partnership at all.
It must be borne in mind that the plaintiffs are not suing the individual members of this partnership, or seeking to enforce a personal obligation resulting from their membership in the partnership, or to obtain a judgment that would authorize a seizure of the personal property of a member of the partnership. The suit is only against the partnership itself, for a judgment that could be satisfied only by seizure of property belonging to the partnership.
Article 2823 of the Civil Code, among the general provisions relating to ordinary as well as commercial partnerships, declares that the property belonging to a partnership is liable for the partnership debts in preference to the debts of ,an individual member of the partnership. And that is a clear recognition of the distinction between a judgment against a partnership — even an ordinary partnership — and a judgment against a member of the partnership on the obligation resulting merely from his membership in the i>artnership. On that subject, see Succession of Pilcher, 39 La. Ann. 362, 1 South. 929, cited with approval in Wolf v. New Orleans Tailor-Made Pants Co., 52 La. Ann. 1365, 27 South. 893; in Newman v. Eldridge, 107 La. 320, 31 South. 688; and in Stothart v. William T. Hardie & Co., 110 La. 700, 34 South. 740.
If we should hold that article 198 of the Code of Practice does not apply to an ordinary partnership, a judgment could not be obtained against that kind of partnership even by service of citation on one of its members in person. Service would have to be made upon each and every member in person, the same as if there were no partnership at all; the same formality would have to be observed as if judgment were demanded against each member individually; and, if any member should be a nonresident or could not be found, a suit could not be maintained against the partnership at all.
The learned counsel for defendant relies upon the decision in Le Blanc v. Marsoudet, 25 La. Ann. 464, and the decision in Aikmann v. Sanderson & Porter, 122 La. 265, 47 South. 600, to support the ruling that an ordinary partnership cannot be cited except by personal service of citation upon each and every member of the firm. But neither of those decisions goes that far. In the first case, the ruling was merely that judgment could not legally be rendered against the individual members of an ordinary partnership, by citation addressed only to the firm and served at an elected domicile of the partners. In the other ease cited, the question was of jurisdiction of our state courts over a nonresident firm and of the nonresident members of the firm. The ruling was that the civil district court for the parish of Orleans could not subject to its jurisdiction the nonresident members of the partnership nor the partnership itself that had no domicile here. The sheriff’s return on the' citation in that case did not show any service at all, viz. “by leaving the same at their-at time of service.”
Our conclusion is that the service of citation in this case was strictly in accord with the provisions of article 198 of the Code of Practice.
The judgment appealed from is annulled, and the case is remanded to the civil district court to be proceeded with according to law.
MONROE, C. J., and LECHE, J., dissent.