O’NIELL, C. J.
The question in this case is whether an ordinary partnership domiciled in another state and composed of *1079 nonresidents is subject to tbe jurisdiction of a local court, by service of citation upon a clerk employed by tbe partnership, in the establishment where the firm is doing business in this state. The judge of the civil district court dismissed the suit for want of jurisdiction, and the plaintiffs have appealed.
• The action is for $70,000 damages for the publication of a commercial report on the plaintiffs, which they allege was false and injurious. They ask only for a judgment against the partnership, not for a judgment against the partners individually. The suit was dismissed heretofore on an exception to the citation. On appeal, the judgment was reversed, and the case remanded for further proceedings. The question of jurisdiction was not then presented. We prefaced our former opinion with that statement, and said that, in considering the question of validity of the citation, we assumed that the defendant partnership was subject to the process of the court. See Victor Cornille & De Blonde et al. v. R. G. Dun & Co., 143 La. 1045, 79 South. 855.
The firm of R. G. Dun & Co. is not a trading partnership or commercial partnership, as defined in article 2825 of the Civil Code. It is a nontrading partnership, an ordinary partnership, as defined in article 2826. It is a partnership whose memtiers are liable only jointly, not in solido, for the partnership’s debts.
The firm has its domicile and principal establishment in New York, and is,composed of three members, one residing in New York, another in New Jersey, and the third in Maryland.
In Flexner v. Farson, 248 U. S. 289, 39 Sup. Ct. 97, 63 L. Ed. 250, a statute of Kentucky, undertaking to subject nonresident partnerships to the jurisdiction of the state courts, by service of process on the local manager of the partnership’s business conducted in Kentucky, or upon an agent in charge of the local business of the nonresident firm, was declared invalid. Judgment was obtained-in Kentucky against a partnership whose members resided in Illinois. The partnership was doing business in Kentucky, and the cause of action arose there. An 'action of debt was brought in Illinois on the judgment rendered by the Kentucky court. The Illinois court gave judgment for the defendants, which was affirmed on appeal to the .Supreme Court of the state. The plaintiff brought the case to the Supreme Court of the United States on a writ of error, contending that the Supreme Court of Illinois had not given full faith and credit to the judgment of the Kentucky court. The citation in the original suit, in Kentucky, had been served upon an agent, Washington Flexner, who had had charge of the local business of the nonresident firm at the time qf the transaction sued on. He had ceased to act as agent for the firm when the citation was served; but that circumstance was not the basis' of the decision in the case. Mr. Justice Holmes, for the court, having stated the facts, said:
“It is argued that the pleas tacitly admit that Washington Flexner was agent of the firm at the time of the transaction sued upon in Kentucky, and the Kentucky statute is construed as purporting to make him agent to'receive service in suits arising, out of business done in that state. On this construction, it is said that the defendants, by doing business in the state, consented to be bound by the service prescribed. The' analogy of suits against insurance companies'* based upon such service is invoked. Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147. But the consent that is said to be implied in such cases is a mere fiction, founded upon the accepted doctrine that the states could exclude foreign corporations altogether, and therefore could establish this obligation as a condition to letting them in. Lafayette Ins. Co. v. French, 18 How. 404 ; Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co., 243 U. S. 93, 96. The state had no power to exclude the defendants and on that ground without going farther the Supreme Court of Illinois rightly held that the analogy failed, and that the Kentucky judgment was void. If the Kentucky statute purports to have the effect attributed to it, it cannot have that effect in the present case. New York Life *1081 Ins. Co. v. Dunlevy, 241 U. S. 518, 522, 523. Judgment affirmed.”
It is argued by tbe learned counsel for appellants that the ruling in Flexner v. Farson would not be appropriate in Louisiana, because, in our civil law system, a partnership is a distinct entity, though it is not so at common law. It is argued that, where a partnership is regarded as an entity, distinct from the individuals composing it, it is subject generally to the legal principles which are applicable to corporations ancl not to individuals. It is said that there is no reason in law why any state may not so regard a partnership, and impose upon partnerships domiciled in other states the same obligations that a state may impose upon foreign corporations for the privilege of doing business in the state.
During the argument of the cáse, one of the attorneys for appellants!, being asked what statute he relied upon as subjecting nonresident partnerships to the jurisdiction of the state courts, referred us to article 198 of the Code of Practice. The article deals only with the method of service of citation, viz.:
“When a suit is brought against a corporation, a public institution, or against persons associated in ordinary partnership, the service must be made as follows: [Here follows an enumeration of the various kinds of institutions and associations, and the method of citing each of them].”
Article 198 of the Code of Practice does not purport to subject nonresident partnerships, or an association of nonresident individuals, to the jurisdiction of the courts of the state. It does not deal with the matter of jurisdiction at all.
There is a statute that purports to give the courts of this state jurisdiction over nonresidents in suits on causes of action arising from business transacted by nonresidents in this state. We refer to Act 23 of 1900, p. 29. But the statute has been declared unconstitutional, for failing to provide due process of law. See Aikmann v. Sanderson & Porter, 122 La. 265, 47 South. 600. The first section of the act declares:
“That whenever any person shall do or transact any business, of any nature whatsoever, in this state, either personally or through an agent or other representative, and a cause of action shall arise or grow out of said business, in favor of any other party, and the person against whom such cause of action shall arise should afterwards leave the state, he may be sued thereon in any court of the parish in which said business was had or transacted, having jurisdiction as to the amount sued for.”
The other sections of the act provide for the'method of citation in such suits against a resident of another state, or of a foreigu country. The case of Aikmann v. Sanderson & Porter was a suit for damages ex delicto. The defendant was an ordinary partnership, having its domicile and principal business establishment in New York, and doing an engineering business in Louisiana through a resident agent, who, however, was not expressly authorized to receive citation. Of the four members of the partnership, three resided in New York and one in California. Tlie circumstances, therefore; so far as pertinent, were very similar to the circumstances of the present case. Chief Justice Monroe, for the court, said:
“It is true that Act No. 23, p. 29, of 1900, purports to authorize absentees and citizens of other states and countries to be brought into the courts of this state in that way; but it is established jurisprudence that the way thus provided does not constitute due process of law, within the meaning of the federal Constitution. Kendall v. United States, 12 Pet. 526, 9 L. Ed. 1181 ; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565 ; Mexican Railway v. Pinkney, 149 U. S. 209, 13 Sup. Ct. 859, 37 L. Ed. 699 ; Goldey v. Morning News, 156 U. S. 521, 15 Sup. Ct. 559, 39 L. Ed. 517 ; Dull v. Blackman, 169 U. S. 243, 18 Sup. Ct. 333, 42 L. Ed. 733 ; Caledonian Coal Company v. Baker, 196 U. S. 444, 25 Sup. Ct. 375, 49 L. Ed. 540 ; Clark v. Wells, 203 U. S. 168, 27 Sup. Ct. 43, 51 L. Ed. 138.
*1083 “The act relied on by plaintiff is therefore void.”
We assume that the reason why the learned counsel for the appellants in this case did not cite, and do not rely upon, Act 23 of 1900, is that they concede that the act is unconstitutional.
The judgment is affirmed at' appellants’ cost.