## UNDERWOOD v. BROOK MAYS & CO.
### No. 4376.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

Henry F. Turner and John G. Gibbs, both of Shreveport, for appellant.

Wilson & Abramson, of Shreveport, for appellee.

TALIAFERRO, Judge.

This is an action in tort. Plaintiff sues to recover from defendant, a commercial copartnership, damages to the amount of $1,275 for the unlawful and malicious entry of defendant's agents and employees into his home, in the city of Shreveport, and the removal of his piano therefrom, without his knowledge or consent. The citation in the case was directed to "Brook Mays & Co.," and was served on Henry K. Wellborn, its local manager. In limine defendant filed exception to the citation, wherein it is alleged:

"That your exceptor is a partnership composed of Brook Mays and Leonard Mays, both of whom are residents of the City of Dallas and State of Texas and both of whom are non-residents of the State of Louisiana, and that the said H. K. Wellborn is without any right or authority whatsoever to be served with the petition and citation addressed to your exceptor herein."

The prayer is that the "exception to the citation be sustained and that the citation herein made upon H. K. Wellborn be declared illegal, null and void insofar as it attempts to bind your exceptor."

A note of evidence was taken on trial of this exception, but it is not in the record. However, we are favored with a written opinion of the trial judge who sustained the exception and relieved defendant from further answer until legally cited. It is from this judgment that the present appeal is prosecuted.

There is no dispute about the facts of the case. These appear from the following excerpt taken from the opinion of the lower court, viz.:

"Evidence was taken on the exception and showed that the partners lived in Dallas, Texas; that they had a store in Dallas belonging to the partnership which was the main store; that the partnership maintains two stores in Louisiana, one in Monroe and one in Shreveport; that H. K. Wellborn is manager of the local store; that he is of full age and was served in the local store, both of the partners being absent at the time."

These findings of fact are sufficient to enable us to pass upon the sole question presented by the appeal, which is: Can a nonresident commercial partnership, with a branch retail store in this state, whose copartners are all nonresidents thereof, be brought into the court of the domicile of said branch business by service of citation on the manager thereof, during the absence of the partners from the state? In other words, under the facts of this case, as disclosed from the findings of the lower court, may such partnership only be legally cited through personal service on one or both of its members, while in the jurisdiction of the court?

The lower court held that the case of Aikmann v. Sanderson & Porter, 122 La. 265, 47 So. 600, was decisive of this issue, and followed that decision. That case involved an action ex delicto. The defendant was an ordinary partnership whose members were all nonresidents of Louisiana. Service was made on one not a partner and who, the record disclosed, was not authorized to receive or accept service of citation for the partnership. The relation of this person to the partnership is not disclosed by the opinion beyond his statement that he had been representing the firm here with respect to such engineering business as they instructed him to attend to. We assume, as the contrary does not appear, that the defendant had not established any office, headquarters, or place of business in this state indicative of an intention to per-

manently engage in the line of business for which the partnership was formed. The court held:

"Residents of other states cannot be brought into the courts of Louisiana by citations served on persons representing them here for business purposes, but shown to be without authority to receive or accept such service."

Another case cited by the lower court, in discussing the involved question, is that of Cornille & DeBlonde et al. v. R. G. Dun & Co., 143 La. 1045, 79 So. 855. The facts of that case are more nearly like those in the present case. Defendant was an ordinary partnership. All of its members were domiciled without the state of Louisiana. It had maintained an office in New Orleans for more than 30 years. The home office of the firm was in the city of New York. Service of citation was made on a clerk in the New Orleans office, who had been thus employed for 17 years, all members of the firm being absent at the time. This clerk denied he had any authority to represent his principal in litigation or receive or acknowledge service of citation. In this case the Supreme Court sustained the service, under authority of article 198 of the Code of Practice, then in force. The syllabus reads:

"Code Prac. art. 198, applies to ordinary partnerships as well as commercial partnerships, so that service of citation, as therein prescribed, 'on any of the partners in person, or, at their store or counting house, by delivery to their clerk or agent,' is sufficient to support judgment against an ordinary partnership."

This case again reached the Supreme Court and was dismissed on a plea to the jurisdiction of the lower court. 153 La. 1078, 97 So. 197.

The lower court approves the holding in this case, but does not think it overruled the principle laid down in the Aikmann Case. It seems to us that the principle involved in the two cases is substantially the same.

Article 198 of the Code of Practice has been superseded by paragraph 4, section 1 of Act No. 179 of 1918, which we quote:

"Process directed to a commercial partnership, or an ordinary partnership using a firm name, may be made personally upon any member of the partnership wherever found in the parish, or at the office of the partnership upon any member of the partnership, or in the absence of all the members thereof upon any employee, above the age of sixteen years found at the office of the partnership."

Whatever ambiguity may have existed in article 198 of the Code of Practice with regard to the manner and method of service of process on partnerships, commercial and ordinary, has certainly been removed by the above quoted provision of the 1918 act. The two cases, referred to above, were decided by the court prior to 1918. This act provides that when all members of a defendant partnership are absent service of judicial process may be made upon "any employee, above the age of sixteen years found at the office of the partnership." In the present case, this law seems to have been literally complied with. Neither partner was present and service was made on the local manager, who is shown to be over 16 years of age. The law of 1918 does not draw a distinction between partnerships, the members of which are residents of the state and those whose memberships are domiciled without the state, with respect to the mode of service. The quoted provision of the law presupposes that the partnership shall have established an office or place of business in the state in order that service be made on an employee. In the present case, while it appears that the main store of defendant is in Dallas, Tex., they operate stores in Monroe and Shreveport, La., through managers and other employees.

The efficacy of service of judicial process to bring a defendant into court to plead is one thing, and the question of the court's jurisdiction over him after being cited is another. In a case of this kind in discussing the one proposition there is likelihood of trenching upon the other.

In the instant case we are presently concerned only with the question of the service. It is well to note here that the suit is not against the individual members of the firm. No personal judgment is asked against them.

We are of the opinion the judgment of the lower court is erroneous, and for the reasons herein assigned, said judgment is annulled and reversed, and this case is remanded to the lower court for further proceedings in accordance with law.