## FUSELIER, Administrator, *v.* ROBIN.

4 61
114 716

The power to represent a principal in the defence of actions, is not one of administration. Such a power can result only from the express terms of an instrument, or from an implication so clear as to be irresistible.

A mandate which authorizes the agent " poursuivre le recouvrement de toutes créanses, par toutes voies de droit—à ce faire, paraitre en justice tant en demandant qu'en defendant," empowers the agent where an action has been legally instituted against the principal, as by attachment, &c., to appear and accomplish the purpose of the mandate—the collection of debts due the principal, by pleading in compensation or reconvention ; but it confers no such general authority to defend actions as will render service of citation on the agent sufficient.

When a principal is domiciled in a foreign country, having an agent here, an action against the former must be instituted before the court of the agent's domicil.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J. *Cooley*, for the plaintiff. *Lacoste*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The first question to be considered in this case is, whether the power of attorney given to *Delamare* was sufficient to authorize a service of citation upon him, in a suit for a sum of money brought against his principal, a resident of a foreign country. The power so to represent the principal as defendant, is certainly not one of administration. If a judgment be obtained against the principal, it involves grave consequences. Its registry would create a judicial mortgage upon his real estate, and its execution would effect the alienation of his property. Such a power ought not to be lightly recognized. It should result from the express terms of the instrument, or at least by an implication so clear as to be irresistible. In the present case the instrument contains a restricted power to sell the principal's property situate in Pointe Coupée, "*suivant qu'il pourra en être* avisé ultérieurement." Again, it expressly authorizes the attorney to appear in court as plaintiff, to collect debts due to the constituent. But it is said the power contemplated the defence of suits. This is true; but the power was qualified, and must be restricted to the cases specially enumerated "poursuivre le recouvrement de toutes créances par toutes voies de droit—*à ce faire* paraitre en justice tant en demandant qu'en defendant." Under this power if a suit were legally instituted against the principal in Pointe Coupée, as it might have been by attachment &c., *Delamare* would have been authorized to appear and accomplish the purpose of the mandate, the collection of debts due to his principal, by pleading in compensation or reconvention. This interpretation satisfies the words of the power, and gives them effect.

In the interpretation of this power it is not improper to notice the difference of its language from that contained in another power, (which the plaintiff has offered in evidence,) given by *Robin* to *Landreaux*, by public act, a few days after the power to *Delamare*. This power, while more comprehensive in other respects, is also broader with regard to the defence of suits. Its language is unqualified—"paraitre en justice tant en demandant qu'en defendant." We are, therefore, of opinion that *Robin* could not be made a party defendant in this action by the service of a citation upon *Delamare*.

FUSELIER
*v.*
ROBIN.

A citation was also served upon *Landreaux.* This suit was brought in the District Court at Pointe Coupée. *Landreaux* was domiciled in New Orleans, and his principal was domiciled in a foreign country. *Landreaux* appeared and pleaded the exception of domicil, contending that the suit should have been brought in a court at New Orleans. This exception should have been sustained. Our Code has adopted as the general rule the maxim of the civil law, *actor sequitur forum rei.* The rule is founded upon the consideration that the party attacked will thus have the greatest facility in making his defence ; and the spirit of the rule seems to us to apply with equal force to the attorney of a party domiciled abroad.

It is, therefore, decreed that the judgment of the District Court be reversed, and that the petition be dismissed as in case of non-suit; the plaintiff paying costs in both courts.