O’NIELL, J.
The plaintiff appeals from a judgment dismissing his suit for want of a valid citation of one of the defendants, Peter W. Rouss, the only defendant having an interest in the matter. Rouss is a resident of New York and was not in Louisiana when the suit was filed. Service of citation was made by delivering to the defendant’s agent, E. A. Heard, a copy of the petition and citation addressed to the defendant Rouss. The agent, Heard, being employed as assistant credit man in the store of Rouss in New York, also resided in New York; and he had come to Louisiana to attend to collecting a large debt due to Rouss by the Bolton Company, Limited, a Louisiana corporation, of which the plaintiff in this suit was the president The authority of the agent was expressed in a power of attorney, as follows, viz.:
“To Whom it may Concern: This is to advise that Mr. E. A. Heard represents my interest and has full authority to act for me in the matter of the Bolton Company, Ltd., of Lake Charles, La.
“Respectfully, [Signed] P. W. Rouss.”
The object of this suit is to have decreed null and void, for want of a consideration, assignments made to Rouss, by the plaintiff, in New York, of policies of insurance on his life, payable to his estate. The evidence taken on the trial of the exception to the suit shows that, although it is recited in the assignments that they were made for one dollar and other valuable considerations, receipt of which was thereby acknowledged, the assignments were, in truth, made for no other consideration or purpose than to secure the payment of the debt due by the Bolton Company to Rouss.
The plaintiff prayed in his petition that the insurance companies, domiciled in New York, should be cited as defendants, by service upon their agent in Louisiana, and be enjoined and prohibited from recognizing Rouss as the transferee of the insurance policies, and from paying, loaning or advancing him any money due or to become due to the beneficiary under the policies. The insurance companies were cited, by service upon their agent in Louisiana; and one of them answered, without having urged any exception to the suit, disclaiming any interest in the controversy. It does not appear that the other insurance company has made an appearance in the case. It is apparent, however, and seems to be conceded, that, as neither of the insurance companies guaranteed the validity of either of the assignments alleged to be null, the companies have no interest whatever in the defense of this suit, and it cannot be maintained unless the transferee, Rouss, has been legally subjected to the jurisdiction of the court, by service upon-his agent.
[1-3] The power of attorney did not expressly confer upon Heard the special au *137 thority to accept service or receive citation in any suit against Mr. Rouss, or to defend him, even in a suit by the Bolton Company. As far as the record discloses, there was no lawsuit pending or contemplated, “in the matter of the Bolton Company,” when the power of attorney was given. The Bolton Company is not a party to this suit. Although it may be regarded now as a suit relating to, or in the matter of, the Bolton Company (the matter to which Mr. Rouss had reference in the power of attorney), there is no reason to presume that Mr. Rouss contemplated such a suit when he gave his agent authority to act for him in the matter of the Bolton Company.
Powers of attorney, in Louisiana, are construed strictly. No authority is implied by the general terms of a procuration except ordinary powers of administration; and none is implied by or from a special authority except what is plainly contemplated as necessary for the exercise of the authority expressly granted. Civil Code, arts. 2994 to 2996. The authority of an agent must be express and special for the following purposes: To sell or buy, to incumber or hypothecate, to accept or reject a succession, to contract a loan or acknowledge a debt, to draw or indorse bills of exchange or promissory notes, to compromise a matter or refer it to arbitration, to make a transaction in matters of litigation, or to do anything that is not a mere act of administration or one in aid of, or to facilitate, an act of administration. Civil Code, art. 2997. Among those powers that are not mere acts of administration, and for which an agent must have express and special authority, is the power to receive citation in a lawsuit. See Fuselier v. Robin, 4 La. Ann. 61; Barnes v. Profilet, 5 La. Ann. 117; Dawson v. Landreaux, 29 La. Ann 363; Aikmann v. Sanderson & Porter, 122 La. 265, 47 South. 600. We can hardly imagine a greater authority, one more likely to be tacitly reserved when not expressly granted, than the authority to subject a person to the jurisdiction of a court, in any personal action, in a state in which he does not reside.
The judgment is affirmed.