**FIRST NAT. BANK OF TROUP, TEX., v. BLADES et al.**

**In re FLORENCE OIL CO. et al.**

**No. 8594.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1937.

Chas. F. Potter, of Tyler, Tex., for appellant.

Gordon Simpson and Oran Lowry, both of Tyler, Tex., for appellee.

Before FOSTER and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment, affirming an order of the referee in bankruptcy, canceling an assignment of a one-fourth interest in an oil and gas lease belonging to appellee's bankrupt, given to secure a loan to the R. J. R. Drilling Company.

The ownership of the lease by the bankrupt, the execution of the assignment of a one-fourth interest therein by the bankrupt's agent and attorney in fact, and the loan to the R. J. R. Drilling Company on the security of the assignment, are conceded. Appellee's petition recited that various parties, including appellant, were claiming certain interests in the leasehold estate, and prayed citation, accounting, and the cancellation of assignments under which they claimed. Appellant entered an appearance by filing its answer setting out that the assignment under which it claimed a one-fourth interest was obtained for a valuable consideration, the benefit inuring to the bankrupt; that it was executed by Preston Rose, who was the agent and attorney in fact for Hamp Florence and the Florence Oil Company, Hamp Florence, sole owner, either under the express terms of a power of attorney or under the powers implied from those expressly granted; that a partnership existed between Hamp Florence and Preston Rose; that

the leasehold estate was a part of the partnership property and was under the active management of Preston Rose; and that, as a consequence, the assignment was binding on the bankrupt and appellee herein without reference to the power of attorney.

It appears without controversy that some time after 1931, Hamp Florence and Preston Rose reached an agreement pursuant to which the oil and gas lease in question was acquired and the property developed for oil and gas, the bankrupt furnishing the purchase price for the property and taking title in the name of the Florence Oil Company. Said agreement further provided that Rose was to manage and direct the operations and receive a one-third interest therein after the amount of the investment had been repaid. Pursuant to this agreement, the bankrupt executed a power of attorney authorizing Rose "to do and perform each and every act and thing necessary or requisite to be done in the handling, contracting for purchasing or selling any and all property in the name of the Florence Oil Company," and "to execute all necessary division orders, leases, and assignments, and all other contracts affecting the interest of the Florence Oil Company."

A drilling contract was entered into with the R. J. R. Drilling Company, and, while the drilling was in progress, Rose executed the assignment in controversy for the benefit of the drillers in order that the work might proceed. The bankrupt was not informed of its execution, did nothing to ratify it, and testified on the hearing that he would not have consented to it. It is conceded that express authority to execute the conveyance as security is not granted in the power of attorney, and appellant relies on implied authority and the alleged partnership to sustain the assignment.

The referee found that no partnership existed, though one was contemplated for the future. Appellant points to a great deal of testimony to support its contention that the partnership existed from the inception of the operations, but this testimony is equally consistent with the view that the partnership was to come into being at a later date. The agreement, which merely contemplated a future partnership, conferred no authority at the time the assignment was executed. Shell Petroleum Corporation v. Caudle (C.C.A.) 63 F.2d 296; Bolding v. Camp (Tex.Com.App.) 6 S.W.2d 94; Fink v. Brown (Tex.Com.App.) 215 S.W. 846; Cf. Munsey v. Mills & Garitty, 115 Tex. 469, 283 S.W. 754.

The interpretation and effect given the power of attorney under Texas law is binding upon us in this proceeding in so far as we undertake to determine rules of property. It is well settled under Texas law that powers of attorney are strictly construed, and that a power to sell does not include the power to encumber. Texas Moline Plow Co. v. Klapproth (Tex.Com.App.) 209 S.W. 392; Gray v. Powell (Tex.Civ.App.) 282 S.W. 631; Bean v. Bean (Tex.Civ.App.) 79 S.W.2d 652. Appellant concedes that Rose did not have the power to borrow money and give security, as one of the grants in the instrument, but it insists that, as an incident to his power to manage, he had such power as the result of a special circumstance, viz., that being indebted to the R. J. R. Drilling Company, which would have a lien by operation of law on the completion of the work, Rose had the power to substitute the assignment for the lien. However, it does not appear that the lien was in existence at that time or that the R. J. R. Drilling Company had more than a prospective right to a lien at a future time on the completion of the work. Appellee relies upon the cases of General Motors Truck Co. v. Texas Supply Co. (C.C.A.) 64 F.2d 527, and F. S. Royster Guano Co. v. Hall (C.C.A.) 68 F.2d 533, as sustaining its contention. These are cases where the authority was inferred from the circumstances of the authorization or from subsequent events as mentioned in the Restatement of the Law of Agency, A. L. I., § 73, p. 176. In the instant case, no emergency is shown; there was no authorization through events subsequent to the execution of the power; and the circumstances do not raise an inference of authority.

Since the authority may not be implied, and no partnership existed between the bankrupt and his attorney in fact, the judgment of the District Court is affirmed.