CANADA STEAMSHIP LINES, Ltd., v. INLAND WATERWAYS CORPORATION.

No. 12049.

Circuit Court of Appeals, Fifth Circuit.

Feb. 3, 1948.

Rehearing Denied Feb. 26, 1948.

Leon Sarpy and Jas. Hy. Bruns, both of New Orleans, La., for appellant.

Louis C. Guidry, of New Orleans, La., for appellee.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, plaintiff below, is a privately owned steamship company, incorporated under the laws of Canada. Appellee, defendant below, is a wholly owned government corporation, created by act of Congress[1] to operate "to the best advantage of the Government" the government owned inland canal and coastwise waterways system.

The suit arose out of the fact that defendant, as plaintiff's agent, to clear, and forward from New Orleans to Montreal, Canada, a shipment of castor oil, instead of clearing it through the customs on an "in transit" entry and duty free, cleared it under a consumption entry, paying $5416.48 as duty, and plaintiff in order to release the shipment had been compelled under protest to repay this sum to defendant.

The claim was that in thus incurring, acknowledging as due, and paying, duty on the shipment, defendant, as plaintiff's agent, had acted without and beyond any authority conferred by plaintiff, indeed contrary to plaintiff's interest and instructions, and that plaintiff having repaid the sums in order to release the shipment, was entitled to recover the $5416.48 it had been unjustly compelled to pay.

The defenses were: (1) that if defendant had acted contrary to the desires of plaintiff, the fault was plaintiff's in not giving defendant more specific and timely advice as to just what was wanted done; (2) that defendant acted throughout in good faith and without negligence, believing that its acts were in conformity with its instructions; and (3) that it had given plaintiff timely advice of what it proposed to do, and plaintiff had not, as it could and should have done, advised defendant that it disapproved the proposed action.

The case was fully heard before the district judge without a jury on evidence which, in part stipulated and in part oral, was nowhere in conflict. The district judge, filing an opinion[2] setting out the facts, his findings and his reason[3] for his judgment, found for defendant.

Appellant is here insisting that the district judge erred in holding that the instructions of plaintiff to clear[4] the shipment upon

---

[1] June 3, 1924, 43 Stats. 360, 49 U.S. C.A. § 151.

[2] Canada Steamship Lines v. Inland Waterways Corp., 71 F.Supp. 137, 142.

[3] "The court finds that complainant's letter of July 25, 1942, was ambiguous and susceptible of two interpretations, namely, the one adopted and followed by defendant and the one which complainant contends was intended. And the court concludes as a matter of law that the defendant acted reasonably and in good faith in following the instructions and is not liable for disobedience or its consequences."

[4] These instructions by letter from plaintiff to defendant, after giving Brazil as the origin and Canada as the destination of the shipment, proceeded:

"Will you kindly arrange to have this shipment cleared by a Customs Broker and have the shipment weighed by an official weigher and have same forwarded via the Federal Barge Lines from New Orleans to East St. Louis thence via rail to Detroit, Michigan for furtherance from Detroit to Montreal via the Canada Steamship Lines. The goods are to be consigned to Wm. M. Phelan & Co., 1265 Stanley St., Montreal.

"Will you kindly see that the waybill shows that the goods are to be delivered to the Canada Steamship Lines at the Detroit Harbor Terminals, Detroit, as that is where our vessels transfer freight ex cars.

"The freight from New Orleans is to be billed Collect through to Montreal on the following basis:

"New Orleans to Detroit 74¢ per 100 lbs. (as quoted by your N. Y. Office).

"Detroit to Montreal 35¢ per 100 lbs.

"Above Rates Subject to 7% Surcharge if Paid in Canadian Funds.

"However, we will settle your proportion in U. S. Funds. Any charges at New Orleans such as weighing and Customs Brokers Fees etc. is to be advanced against the shipment but settlement will also be made in U. S. Funds.

"Will you kindly see that a careful check is made of this shipment and advise us details of same also the forwarding record from New Orleans to East St. Louis and we will check with your St. Louis office regarding the trans-

which defendant relies for authority to subject the shipment and plaintiff to liability for duty and to pay it on plaintiff's behalf, if not authority for what was done, was at least sufficient to save defendant harmless for having done it. Pointing to the undisputed facts that no express or specific instructions were given to incur and pay duty, indeed nothing whatever was said about paying duty, and that its incurring and payment was not in, but directly contrary to, plaintiff's interests, appellant urges upon us that in Louisiana and generally elsewhere the law is to the contrary.

▊ We agree with appellant. Because the reported opinion of the district judge sets them out accurately and fully, it will not be necessary for us to restate the facts here. It will be sufficient for us to summarize in the margin,[5] referring to the opinion for the detail, what was proved and to state our reasons for disagreeing with the district judge's conclusion that plaintiff, not defendant, must bear the loss incurred.

The general principles of the law of agency as they apply here, are not in confusion. They may be found set down in Am.Jur., "Agency", Secs. 251-278. They leave in no doubt that where, as here, an agent has been given general instructions to clear a shipment, which instructions could be carried out in the interest of the principal without incurring duty, if the agent, without returning for more specific instructions, assumes to take a course in carrying the instructions out which subjects the shipment to duty, the agent, and not the principal, must bear the loss. In short, where, as here, plaintiff had not given defendant specific authority to incur and pay duty, but had merely given a general instruction to clear the shipment, and one construction would be greatly to the principal's burden and detriment,—the other to his advantage, defendant, having adopted the construction to the principal's injury, must be held liable for the loss sustained. This is because the duty of fidelity to the principal's interest, the prime duty of an agent, obligated him to act, under the instructions, in and not against plaintiff's interests, and there being no emergency, if defendant was uncertain as to how best to serve those interests, he should have delayed action until, informing plaintiff of his uncertainty, he had obtained more precise and special instructions.

▊ Sec. 269 discusses fully the agent's duty to use reasonable efforts to keep his principal informed of all facts which may

fer at that point. As this is the forerunner of some attractive business which we expect to be jointly interested in the near future I would appreciate your giving this matter your special attention.

"*If there is any difficulty in connection with this matter I would suggest that you communicate with the writer or direct with Mr. Phelan at Montreal whose telephone number is Plateau 3565 or Fitzroy 7700.*" (Emphasis supplied.)

[5] (1) Plaintiff intended, and had a right, to have the goods cleared on an in transit entry.

(2) If, as plaintiff wanted done, they had been cleared on an in transit entry, no duty would have been due or paid.

(3) The act of defendant in clearing the goods through the customs on a consumption instead of in transit entry having made the shipment subject to duty and the duty having been paid, the United States will not refund it.

(4) Defendant, as plaintiff's agent, has thus undertaken to subject plaintiff to an obligation which plaintiff did not expressly or specifically authorize and to act,

not in, but contrary to, plaintiff's interests.

(5) No specific instructions were given to defendant to incur or pay duty. The duty was incurred and paid because, asked to clear the goods and not specifically advised in what manner they should be cleared, defendant, *without returning for further instructions and without advising the customs broker that the shipment was destined foreign,* concluding that the consumption entry should be made, took it upon itself to have this done.

(6) As to the defense that defendant sent to plaintiff a copy of its instructions to the broker and plaintiff did not immediately countermand them, the record shows (a) that the instructions to the broker were not that he should pay duty but merely that he should pay duty, if any; and (b) it is established by undisputed proof that until advised of the payment of the duty, plaintiff did not know that any duty had been, or would be, incurred and paid, and it then immediately and thereafter protested the payment.

come to the agent's knowledge concerning the matters entrusted to him which affect the principal's business, his rights, or his interest. It declares that if one who undertakes the business of another is capable of managing it and neglects to do so with due care, he is answerable. If he is not capable, he is still answerable because he ought not to engage to do that which he could not perform.

So strong is the agent's duty of due care, that it is laid down in Sec. 274, that even where the principal is habitually negligent in attending to his own interests, such negligence forms no excuse for similar negligence on the part of his agent.

■ Section 278, dealing with emergencies, declares that an agent will not be liable if he does the best he can in the emergency to interpret and carry out ambiguous instructions. When, however, as here, there is no emergency, and the agent, without taking the trouble to read the letter of instructions carefully enough to find out where the interests of the principal lie, incurs a heavy duty which he was not instructed to incur and which, if he had read his instructions aright or had consulted his principal further about, he would not have incurred, the agent, and not the principal, must bear the loss.

The law of Louisiana is no different. In Reynolds v. Rowley, 4 La.Ann. 396, the court said: "By the common law, as with us, powers of attorney are subject to strict interpretation; and the authority is never extended beyond that which is given in terms, or which is necessary and proper for carrying the authority so given into full effect." Cf. Boltin v. Rouss, 144 La. 134, 80 So. 326.

Civil Code Louisiana Art. 2996, Mandate in General Terms, provides: "A mandate conceived in general terms, confers only a power of administration."

Art. 2997, Acts for which Express Power is Required, after reciting: " * * * the power must be express and special for the following purposes * * *" provides: " * * * and in general where things to be done are not merely acts of administration, or such as facilitate such acts."

In Perrotin v. Cucullu, 6 La. 587, the court pointed out that whether the agent could bind his principal without a specific power is to be determined by whether what was done was in the interest of the principal.

In line with this, in Chapter 2, dealing with the obligation of an agent, Code Sec. 3003 provides: "The attorney is responsible, not only for unfaithfulness in his management, but also for his fault or neglect." And while Sec. 3006 does provide that: "In case of an indefinite power, the attorney can not be sued for what he has done with good intention", it also provides: "The judge must have regard to the nature of the affair, and the difficulty of communication between the principal and the attorney."

Further, Sec. 3011, Advantageous fulfillment of trust provides "The mandatory is not considered to have exceeded his authority, when he has fulfilled the trust confided to him, in a manner more advantageous to the principal, than that expressed in his appointment."

■ When, therefore, citing 3 C.J.S., Agency, Sec. 148, that where instructions are ambiguous or capable of different constructions, the agent is not chargeable with disobedience or its consequences in case he makes an honest mistake and adopts a construction different from that contended by the principal, the district judge held that defendant was not liable for the loss it had caused, he erred in finding that the action of the agent was not negligence. He erred too in overlooking and failing to give effect to the second sentence of the article cited: "However, the agent is not under such circumstances, at liberty to disregard the instructions entirely and to substitute therefor for his own judgment, but must follow one of the interpretations reasonably derivable from the terms of the instructions."

Here, according to the undisputed evidence, no person having the principal's interest in mind, and competent to handle a shipment of the kind in question, could have given an interpretation to the instructions as a whole so contrary to the

principal's interests, and so unreasonable. Canada Steamship Company had the right to believe that the defendant, a wholly owned government corporation, was familiar enough with the handling of shipments through customs to trust it not to impose upon it a nonexistent liability of one-third of the whole value of the goods. Defendant, acting precipitately and unreasonably, and without authority, incurred the duty. It, and not plaintiff, should pay it.

The judgment is reversed and the cause is remanded with directions to enter judgment for plaintiff.