**SUN APPLIANCE & ELECTRIC, INC.,**
Appellant,

v.

Billy J. KLEIN et al., Appellees.

No. 3748.

Court of Civil Appeals of Texas.

Eastland.

Nov. 30, 1962.

Gordon Asbury, Jr., Abilene, for appellant.

Key, Carr, Carr & Clark, Lubbock, for appellees.

COLLINGS, Justice.

This is a plea of privilege case. Sun Appliance & Electric, Inc., brought suit in the 42nd Judicial District Court of Taylor County against Billy J. Klein and W. Don White, as partners, jointly and severally, allegedly doing business as Hicks Rubber Company, Inc. of West Texas and Hicks Rubber Company of Lubbock, Inc. Plaintiff sought to recover from defendants the balance due on a note payable to the First National Bank in Abilene at Abilene, Texas, alleged to have been executed by defendants on August 30, 1960, by their duly authorized agent and attorney in fact. Plaintiff alleged that it was a recourse indorser on the note and as such was forced to and did pay same when defendants defaulted. The defendants each filed pleas of privilege to be sued in Lubbock County, the place of their residence. The pleas of privilege were controverted and after hearing were sustained. Sun Appliance & Electric Company has appealed.

Appellant urges points to the effect that the court erred in sustaining the pleas of privilege of Klein and White because appellant contends it was conclusively shown that both of said defendants were bound and obligated on a contract in writing which was by its terms to be performed in Abilene, Taylor County, Texas, within the provisions of Subdivision 5 of Article 1995, Vernon's Ann.Tex.Civ.St.

The evidence shows or supports the conclusion that in June, 1959, Billy J. Klein purchased a tire and appliance business in Lubbock, Texas, from Hicks Rubber Company of Waco; that at the time of the purchase Klein thought he was purchasing an existing corporation but the arrangement under which he was to purchase the corporation was never completed. Klein, however, did purchase the business being operated in Lubbock by the seller and he and W. Don White thereafter began operating such business as a partnership. At about the time of the purchase Klein and White were contacted by a sales representative of Sun Appliance & Electric, Inc. and an order was placed with said company for merchandise. The representative of Sun Appliance & Electric, Inc. was advised at the time that it was contemplated that a corporation would be formed to operate said tire and appliance business. Thereafter, in September of 1959, the corporation was formed and was called BJK Corporation. On July 6, 1959, a power of attorney was executed by Billy J. Klein in which he purported to act as president of Hicks Rubber Company, Inc. of West Texas. The power of attorney was as follows:

"To: Sun Appliance & Electric, Inc.

"Undersigned, doing business as indicated below hereby authorizes and empowers Gordon E. Brown and/or Ed Dalton to act on behalf of undersigned to prepare, execute, sign and deliver wholesale title retention or lien instruments, notes, statements of trust receipt and chattel mortgage financing and other documents in favor of the First National Bank of Abilene, Texas, covering merchandise, possession of which is given to undersigned by Sun Appliance & Electric, Inc. and generally to perform all acts and do all things necessary and proper in discharge of the power hereby conferred, including the making of affidavits and the acknowledgment of instruments, as fully as if done by undersigned. This

authorization shall continue in effect until terminated by written notice from owner or officer of the business listed below.

"Hicks Rubber Co., Inc. of West Texas
"By: /s/ Billy J. Klein
President."

In September, 1959, BJK Corporation took over management of the tire and appliance business and all of the assets of the business were owned by such corporation from the date of its incorporation. After the execution of the power of attorney above set out on July 6, 1959, but before any merchandise was delivered by Sun Appliance & Electric, Inc. another power of attorney was executed authorizing the execution of notes to Commerce Finance, a financing institution in Lubbock. The first merchandise delivered to the business in Lubbock by Sun Appliance & Electric, Inc. was in November, 1959, subsequent to the incorporation of BJK Corporation and subsequent to the execution of the power of attorney to Commerce Finance and a note was made and delivered to Commerce Finance covering such merchandise. All merchandise covered by the note dated August 30, 1960, upon which this suit was brought was delivered pursuant to the financing arrangement with Commerce Finance in Lubbock, and none of the merchandise covered by this note was delivered pursuant to the power of attorney dated July 6, 1959. Klein testified that at the time the power of attorney was given authorizing the execution of notes to Commerce Finance and the note covering such merchandise was given to Commerce Finance Mr. Ernest Killingsworth, district manager for Sun Appliance & Electric, Inc. was present and represented to him that the only power of attorney under which he, Klein, would have any liability and the only obligation he would have in connection with purchases of merchandise from Sun Appliance & Electric, Inc. would be the power of attorney and the note executed to Commerce Finance. In March, 1960, Klein sold his interest in the tire and appliance business in Lubbock and BJK Corporation to W. Don White. Klein testified that Mr. Killingsworth was notified that he was withdrawing from the business.

On August 24, 1960, Sun Appliance & Electric, Inc. obtained another power of attorney substantially the same as the power of attorney dated July 6, 1959, except that it was signed by Hicks Rubber Company of Lubbock, Inc. by W. Don White, as president. This power of attorney had on it the corporate seal of BJK Corporation. Mr. Killingsworth, who obtained the power of attorney from White, testified that the only reason he could give for securing it was that Klein had withdrawn from the business which was then being operated by W. Don White.

On August 30, 1960, the note, which is the basis of this suit, was executed by Gordon E. Brown, purporting to act as attorney for Hicks Rubber Company of West Texas, Inc. and Hicks Rubber Company of Lubbock, Inc. Brown admitted that his only attempt to exercise any authority under the power of attorney in question was the execution of this note; that the note was executed to refinance previous notes "with Commerce Finance Company of Lubbock" which had been paid off by Sun Appliance & Electric, Inc. because Hicks Rubber Company had failed to make payment when due; that Sun Appliance & Electric, Inc. paid such notes because they had indorsed same with recourse and that they were forced to honor their indorsement; that they repurchased the notes and refinanced them with the First National Bank of Abilene by the execution of the note in question. Brown admitted that at the time he executed the note he made no inquiry to determine whether or not Klein was still connected with the business, but that he had been informed prior thereto that Klein, in fact, was not connected with the business in any way. At all relevant times Brown was credit manager of Sun Appliance & Electric, Inc., Brown stated that he never consulted Klein regarding the authority he was exercising

under this power of attorney and did not advise Klein that he had executed the note. Klein testified that he knew nothing of the note in question until this suit was brought.

■■■ In our opinion appellant's points urging that the evidence shows conclusively that Klein and White were each bound and obligated on a contract in writing which was by its terms payable in Taylor County, and that by reason of Subdivision 5 of Article 1995, V.A.T.C.S., venue therefore lies as to each said defendants in Taylor County are not well taken. Assuming that the powers of attorney relied upon by appellant are valid, neither Klein nor White is bound by the execution of the note sued upon because the evidence shows that Brown exceeded the authority vested in him under the express terms of such powers of attorney. The rule in such cases is that powers conferred upon an agent are to be strictly construed and that the authority is never extended beyond the express terms of the instrument or what is necessary to carry out the stated express authority. It is held that "under no circumstances can the principal be bound beyond the plain import of the language of the instrument." Bean v. Bean, Tex.Civ.App., 79 S.W.2d 652, (Writ Ref.). Also see Montgomery v. Nevins, Tex.Civ.App., 270 S.W.2d 427.

■■■ The powers of attorney under which Klein and White are attempted to be held liable expressly provide authority only for the agent to execute notes and other instruments "covering merchandise, possession of which is given to undersigned by Sun Appliance & Electric, Inc." The evidence shows that no merchandise was delivered pursuant to the power of attorney dated July 6, 1959, under which Brown purported to act in signing the note here sued upon. The evidence shows that all the merchandise was delivered commencing in November, 1959, after the execution of the power of attorney authorizing the execution of notes and other instruments to Commerce Finance of Lubbock. Brown admitted that no mer-

chandise was delivered pursuant to the power of attorney executed by Klein. He further admitted that his only attempt to exercise any authority under the powers of attorney here involved was the execution of this note and that such note was executed to refinance previous notes held by Commerce Finance Company of Lubbock. These previous notes had been paid off by Sun Appliance & Electric, Inc. because Hicks Rubber Company had failed to make payments when the notes were due and appellant had paid the notes because they were indorsers thereon with recourse and they therefore repurchased said notes and refinanced them with the First National Bank of Abilene by execution of the note here sued upon. The powers of attorney relied upon by appellant do not expressly or by implication provide for authority to execute refinancing obligations, but only authorized execution of notes, "covering merchandise, possession of which is given to undersigned by Sun Appliance & Electric, Inc."

■■■ We hold that the power of attorney executed by Klein on July 6, 1959, was not under the facts of the case irrevocable. In our opinion the evidence presents a fact issue on the question of whether such power of attorney was revoked. It must be presumed in support of the judgment that the court found that there was a revocation. This is still another reason why the court was correct in refusing to retain venue as to Klein in Taylor County under Subdivision 5 of Article 1995.

■■■ Under the facts as herein substantially set out we also hold that venue does not lie in Taylor County as to either Klein or White under Subdivision 29a of Article 1995, V.A.T.C.S. We have carefully considered all of appellant's points and they are overruled.

For the reasons stated the judgment of the trial court is in all things affirmed.