## CLARK *v.* WELLS.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MONTANA.

No. 42.  Submitted October 18, 1906.—Decided November 19, 1906.

No valid judgment *in personam* can be rendered against a defendant without personal service or waiver of summons and voluntary appearance; an appearance, for the sole purpose of obtaining a removal to a Federal court, of a defendant, not personally served but whose property has been attached in a suit in a state court, does not submit the defendant to the general jurisdiction or deprive him of the right to object, after the removal of the case, to the manner of service.

After a case has been removed from the state court to the Federal court the latter has full control of the case as it was when the state court was deprived of its jurisdiction, and property properly attached in the state court is still held to answer any judgment rendered against the defendant, and publication of the summons in conformity with the state practice is sufficient as against the property attached. But a judgment entered on such service by publication can be enforced only against property attached.

Where a judgment collectible only from property attached is absolute on its face, the court so entering it exceeds its jurisdiction and the judgment will be modified and made collectible only from such property.

136 Fed. Rep. 462, modified and affirmed.

THE facts are stated in the opinion.

*Mr. Walter M. Bickford, Mr. George F. Shelton* and *Mr. William A. Clark, Jr.,* for plaintiff in error:

The Circuit Court was wholly without jurisdiction to proceed in said cause either against the person or property of plaintiff in error, and the judgment against him was void.

The attachment of his property in the State of Montana did not give the state court jurisdiction to proceed to render a judg-

ment against the plaintiff in error without personal service of process upon him within the State of Montana. *Pennoyer* v. *Neff*, 95 U. S. 714; *Caledonian Coal Co.* v. *Baker*, 196 U. S. 445; *Goldey* v. *Morning News*, 156 U. S. 518, 521; *Mexican Cent. Ry. Co.* v. *Pinkney*, 149 U. S. 209; *Kendall* v. *United States*, 12 Pet. 623; *Harris* v. *Hardeman*, 14 How. 334.

Nor did the state court have jurisdiction to render a judgment collectible out of the property attached alone without publication of summons or substituted service in the manner required by the Code of Civil Procedure of the State of Montana. Sec. 890, Code of Civ. Pro., Montana; *Low* v. *Adams*, 6 California, 281; *Barber* v. *Morris*, 37 Minnesota, 194; *Heffner* v. *Gunz*, 29 Minnesota, 108; *Walker* v. *Cottrell*, 6 Baxt. (Tenn.) 267; *Cooper* v. *Reynolds*, 10 Wall. 308.

When the case was removed to the United States court the only way in which summons could be served so as to give that court jurisdiction is the method prescribed by the laws of the United States. And this was not done. Service of process by publication under a state law in a case pending in the United States court does not confer jurisdiction on that court.

The filing of the petition and bond for removal in the state court did not constitute an appearance on the part of the plaintiff in error, and he was at liberty to assert in the Circuit Court of the United States the want of jurisdiction over his person on the ground that process had not been served upon him at all.

The appearance of the plaintiff in error in the state court for the purpose of removing the case to the Federal court was a special appearance for that purpose alone, and in express terms reserved the right to object to the jurisdiction of the court over his person or property. *Goldey* v. *Morning News*, 156 U. S. 518; *Wabash Western Ry.* v. *Brow*, 164 U. S. 271, 279; *National Accident Society* v. *Spiro*, 164 U. S. 281; *Conley* v. *Mathieson Alkali Works*, 190 U. S. 411; *Courtney* v. *Pradt*, 196 U. S. 89, 92.

After removal into the Circuit Court the cause must proceed in the same manner as if it had been originally commenced in the said Circuit Court, and the fact that property had been attached while the cause was pending in the state court prior to removal did not give the Circuit Court jurisdiction to proceed to a judgment without personal service of process upon the defendant within the State and District of Montana. Sec. 8, act of March 3, 1875, 18 Stat. 472.

The service of process must have been personal upon the defendant within the State and District of Montana in order to enforce the attachment lien. *Perkins* v. *Hendryx*, 40 Fed. Rep. 657; *Toland* v. *Sprague*, 12 Pet. 300.

Under the act of March 3, 1875, as amended by the acts of 1887 and 1888, § 3, after the case has been removed from the state court to the Federal court, it proceeds in the same manner as if it had been originally commenced in the said Circuit Court. 18 Stat. 470, 1 Comp. Stat. 510; *Levy* v. *Fitzpatrick*, 15 Pet. 167; *Herndon* v. *Ridgeway*, 17 How. 424; *Chaffee* v. *Hayward*, 20 How. 208; *Harland* v. *United Lines Tel. Co.*, 40 Fed. Rep. 308; § 915, Rev. Stat.; *Nazro* v. *Cragin*, 3 Dill. 474; *Chittenden* v. *Darden*, 2 Woods, 437; *Central Trust Co.* v. *Chattanooga Co.*, 68 Fed. Rep. 685, 695.

The act does not confer upon the United States courts jurisdiction to entertain suits by the process of foreign attachment, and the statute and any rule adopting the state laws do not give a Circuit or District Court power thus to acquire jurisdiction over a person not a resident of the district, nor served with process therein. *Day* v. *Rubber Co.*, 1 Blatchf. 630; *S. C.*, Fed. Cas., 3,685; *Atkins* v. *Fibre Co.*, 7 Blatchf. 566; *S. C.*, Fed. Cas., 602; *Saddler* v. *Hudson*, 2 Curt. 7; *S. C.*, Fed. Cas., 12,206; *Anderson* v. *Shaffer*, 10 Fed. Rep. 267; *Noyes* v. *Canada*, 30 Fed. Rep. 666; *Treadwell* v. *Seymour*, 41 Fed. Rep. 581; *Ex parte Railway Co.*, 103 U. S. 794.

If the attachment proceedings constituted a legal or equitable lien upon the property of the plaintiff in error, within the meaning of § 8 of act of March 3, 1875, the publication of

summons or other substituted service provided for by the
Montana Code did not apply; and the proceedings taken
under the Montana statute were ineffectual to confer upon
the United States Circuit Court jurisdiction over the person
or property of the defendant. Cases cited *supra* and *Roller*
v. *Holly*, 176 U. S. 398.

The provision in the act of 1875 expressly provides a method
by which an absent defendant may be brought into the United
States court, when a suit is there pending to enforce any
legal or equitable lien upon real or personal property, and
the method is outlined in the act. It is different in essen-
tial respects from the method provided by the Code of
Montana, and which was followed by the defendant in error.
If Congress has legislated upon a given subject and prescribed
a definite rule for the government of the Federal courts, it is
exclusive of any legislation of the States on the same sub-
ject. *Ex parte Fisk*, 113 U. S. 713; *Southern Pacific Co.* v.
*Denton*, 146 U. S. 202, 209; *Whitford* v. *Clark County*, 199
U. S. 522.

*Mr. N. W. McConnell* for defendant in error:

Under §§ 914, 915, Rev. Stat., in common-law cases in the
Circuit and District Courts, the plaintiff shall be entitled to
similar remedies by attachment or other process, against the
property of the defendant, which are now provided by the laws
of the State in which such court is held for the courts thereof;
and such Circuit or District Courts may, from time to time,
by general rules, adopt such state laws as may be in force in
the States where they are held in relation to attachments and
other process, provided that similar preliminary affidavits
or proofs, and similar security, as required by such state laws,
shall be first furnished by the party seeking such attachment
or other remedy. *Harland* v. *United Lines Telegraph Co.*, 40
Fed. Rep. 308; *Boston Electric Co.* v. *Electric Gas Lighting Co.*,
23 Fed. Rep. 838; *Anderson* v. *Shaffer*, 10 Fed. Rep. 266;

*Toland* v. *Sprague,* 12 Pet. 729; *Lackett* v. *Rumbaugh,* 45 Fed.
Rep. 23.

There is a broad distinction between an action commenced
properly in the state court and removed by the defendant to
the United States Circuit Court and a case brought in the
United States court. *Perkins* v. *Hendryx,* 40 Fed. Rep. 657;
*Crocker Nat'l Bank* v. *Pagenstecher,* 44 Fed. Rep. 705; *Rich-
mond* v. *Brookings,* 48 Fed. Rep. 241; *Purdy* v. *Wallace,* 81
Fed. Rep. 513.

. Under § 914, Rev. Stat., the practice in the state courts in
regard to notice should be the same in the United States
Circuit Court. It is not a question of jurisdiction, but one
purely of practice. Jurisdiction has been acquired by the
attachment. *United States* v. *Ottman,* 1 Hughes, 313; *Pollard*
v. *Dwight,* 4 Cranch, 421; *Toland* v. *Sprague,* 12 Pet. 330,
*Levy* v. *Fitzgerald,* 15 Pet. 171; *Day* v. *Hayward,* 20 How.
214; *Barney* v. *Globe Bank,* 5 Blatchf. 107; *Sayler* v. *North-
western Ins. Co.,* 2 Curtis, 212.

Congress has full constitutional power to give the United
States courts jurisdiction over defendants non-resident in the
district in which the actions against them are brought, and
it has, in §§ 2 and 4 of the act of 1875, given this power in
the single instance of suits commenced by attachment in state
courts, and removed into United States courts. See 11 Myers,
Fed. Dec., §§ 1638–43; *Tootle* v. *Coleman,* 107 Fed. Rep. 45.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here upon a question of jurisdiction of the Cir-
cuit Court, duly certified under the act of March 3, 1891,
26 Stat. 826.

The action below was commenced by Wells against Clark,
September 20, 1904, in the District Court of the First Judicial
District of Montana, in and for Lewis and Clark County, to
recover on a promissory note in the sum of $2,500, with in-
terest and costs. The summons in the action was returned

September 22, 1904, with the indorsement by the sheriff that Clark could not be found in his county.

An attachment was sued out under the statutes of Montana (Code of Civil Procedure, section 890 *et seq.*), and, on September 22, 1904, was levied upon all the right, title and 'interest of the defendant Clark in certain lots in Butte, Silver Bow County, Montana.

On October 18, 1904, Clark, appearing for the purpose of obtaining an order of removal, and no other, and reciting that he waived no right 'to object to the jurisdiction of the court .over his person or property, filed his petition in the District Court of Lewis and Clark County for the removal of the cause to the Circuit Court of the United States for the District of Montana, upon the ground that he was a resident of San Mateo, California, and a citizen of that State, plaintiff being a citizen of Montana.

Upon bond filed such proceedings were had that the cause was ordered, on October 18, 1904, to be removed to the United States Circuit Court for the District of Montana.

After the filing of the record in the United States court an affidavit was filed on November 3, 1904, in the office of the clerk of the United States Circuit Court for an order for service by publication upon Clark as a non-resident, absent from the State, who could not be found therein. An order was thereupon made by the clerk of the United States court for service upon Clark by publication in a newspaper in the city of Helena, Lewis and Clark County, and the mailing of a notice to San Mateo, California, the alleged place of residence of the defendant. This method of procedure is in conformity with the Code of Civil Procedure of Montana, sections 637, 638. Publication was made, and a copy of the summons and complaint was served upon Clark at San Mateo, California, by the United States marshal in and for the Northern District of California. Secs. 637, 638, Civil Code of Procedure of Montana.

On December 6, 1904, Clark, appearing solely for that pur-

pose, filed a motion to quash the service of summons upon two grounds:

"1. That the said summons has never at all or in any manner been served upon the defendant herein personally in the State and District of Montana, nor has the defendant ever at any time waived service of summons or voluntarily entered his appearance in this cause.

"2. That the publication of service herein, wherein and whereby the said summons has been published in a newspaper does not give the court any jurisdiction over the said defendant, nor is such service by publication permissible or in accordance with the rules of procedure in the United States court, nor is the same sanctioned or authorized by any law of the United States, and the said pretended service of summons by publication is wholly and absolutely void under the laws of the United States."

The court overruled the motion and proceeded to render a judgment *in personam* against Clark for the amount of the note and costs.

It is contended by the plaintiff in error that inasmuch as the removal was made to the Federal court before service of a summons upon the defendant, and, as there was no personal service after the removal, there could be no valid personal judgment in that court for want of service upon the defendant. And it is insisted that the service by publication, if proper in such cases, could not be made under the state statute, but under the act of March 3, 1875, 18 Stat., 472, 1 Comp. Stat. 513, permitting the court to make an order for publication upon non-resident defendants in suits begun in the Circuit Court of the United States to enforce any legal or equitable lien upon a claim to real or personal property within the district where suit is brought.

It must be taken at the outset as settled that no valid judgment *in personam* can be rendered against a defendant without personal service upon him in a court of competent jurisdiction or waiver of summons and voluntary appearance therein.

*Pennoyer* v. *Neff*, 95 U. S. 714; *Caledonian Coal Co.* v. *Baker,* 196 U. S. 432, 444, and cases cited.

Nor did the petition for removal in the form used in this case have the effect to submit the person of the defendant to the jurisdiction of the state court, or, upon removal to the Federal court deprive him of the right to object to the manner of service upon him, *Goldey* v. *The Morning News*, 156 U. S. 518, and the exercise of the right of removal did not have the effect of entering the general appearance of the defendant, but a special appearance only for the purpose of removal. *Wabash Western Ry.* v. *Brow*, 164 U. S. 271, 279.

But we cannot agree with the contention of counsel for plaintiff in error, that as a personal judgment can only be rendered upon personal service, and service by publication under the state statutes cannot be made in the Federal court, and that the United States statute (Act of March 3, 1875, 18 Stat. 470, 472), is inapplicable to the case, the effect of the removal is to render nugatory the attachment proceedings in the state court.

The purpose not to interfere with the lien of the attachment in the state court is recognized and declared in the statute (sec. 4 of the Removal Act, 24 Stat. 552), providing that when any suit is removed from a state court to the Circuit Court of the United States an attachment of the goods or estate of the defendant, had in the suit in the state court, shall hold the goods or estate attached to answer the final judgment or decree in the same manner as by law it would have been held to answer the final judgment or decree had it been rendered by the court in which the suit was commenced, and preserving the validity of all bonds or security given in the state court.

The transfer of the cause to the United States court gave the latter court control of the case as it was when the state court was deprived of its jurisdiction. The lands were still held by the attachment to answer such judgment as might be rendered against the defendant.

The defendant had a right to remove to the Federal court,

but it is neither reasonable nor consonant with the Federal statute preserving the lien of the attachment, that the effect of such removal shall simply be to dismiss the action wherein the state court had acquired jurisdiction by the lawful seizure of the defendant's property within the State.

When the jurisdiction of the state court was terminated by the removal that court had seized upon the attached property with the right to hold it to answer such judgment as might be rendered. In the absence of personal service the state statute provided for publication of notice of the pendency of the suit. If the defendant failed to appear the court might proceed to render a judgment, which would permit the attached property to be sold for its satisfaction. To render such a judgment in the absence of an appearance and defense the state court had only to require the statutory notice to the defendant when its proceedings were interrupted by the removal to the Federal court on the application of the defendant.

The Federal court thus acquired jurisdiction of a cause of which the defendant had notice, as appears by his petition for removal and the action of the state court invoked by him. The defendant, it is true, had not been personally served with process or submitted his person to the jurisdiction of either the state or Federal court. But he did not attack the validity of the attachment proceedings, which appear to be regular and in conformity to the law of the State. There was no necessity of publication of notice in the Federal court in order to warn the defendant of the proceeding; he knew of it, and to a qualified extent had appeared in it.

Without further notice to him, the court had jurisdiction to enter a judgment enforceable against the attached property. The judgment purported to be rendered as upon personal service and after a finding by the court "that the so-called special appearance for the removal hereinbefore recited was an absolute and unqualified submission to the jurisdiction of this [the Federal] court."

There are expressions in the opinion of the learned judge of the Circuit Court to the effect that the judgment rendered was intended to be effectual only to subject the attached property (136 Fed. Rep. 462), and it seems to be in the form used in some jurisdictions, which recognize that the property attached is all that is reached by the judgment rendered. But the judgment is absolute upon its face, and . . . after a finding of full jurisdiction over the person of the defendant. It is in such form as can be sued upon elsewhere and be pleaded as a final adjudication of the cause of action set forth in the petition, and be executed against other property of the defendant, whereas the court had only jurisdiction to render a judgment valid against the property seized in attachment.

We hold that, to the extent that it rendered a personal judgment absolute in terms, the court exceeded its jurisdiction in the case, not having by service or waiver personal jurisdiction of the defendant.

The judgment to that extent is therefore modified and made collectible only from the attached property. So modified, the judgment is

*Affirmed.*