MERCANTILE NAT. BANK OF CITY OF NEW YORK v. BARRON.

(Circuit Court, S. D. New York. December 11, 1908.)

REMOVAL OF CAUSES (§ 114*)—FOREIGN ATTACHMENT SUIT—JURISDICTION ACQUIRED BY FEDERAL COURT—SERVICE BY PUBLICATION.

Where, in a suit by attachment in a state court of New York, after the levy of the attachment on property within the state, an order was made for service by publication on defendant as a nonresident of the state, in strict accordance with the requirements of the state statute, such service is sufficient to give a federal court, to which the cause is removed, jurisdiction to render judgment enforceable against the attached property,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

although no proof was required by the state statute, or made, that defendant owns property in the state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 242; Dec. Dig. § 114.*]

On Motion to Set Aside Order for Service by Publication.

Sullivan & Cromwell, for plaintiff.

Leventritt, Cook & Nathan, for defendant.

WARD, Circuit Judge. July 10, 1908, the plaintiff, a corporation of the state of New York, began this action in the Supreme Court of the state against the defendant, a citizen of the state of Massachusetts, by filing a complaint, with an undertaking in the sum of $2,500, upon which a warrant of attachment was issued to the sheriff against the defendant's property. July 11th the sheriff levied the attachment on property in the hands of the plaintiff. July 31st, upon sheriff's return that the defendant could not be found and upon proof of nonresidence, an order was made directing service of the summons by publication. September 23d the defendant appeared specially, removed the case into this court, and now moves to set aside the order of publication on the ground that it was granted because of the nonresidence of the defendant; the moving papers not showing that he had any property in the state. The proceedings conformed to the practice in the state courts. Section 439 of the Code of Civil Procedure does not require proof that the defendant has property within the state. Before the order of publication was made property of the defendant had been attached; and any judgment recovered could only be enforced against the property levied on. Section 707, Code Civ. Proc. The action comes into this court in the condition it was in when removed from the state court. Act March 3, 1875, c. 137, § 4, 18 Stat. 471 (U. S. Comp. St. 1901, p. 511). Service of summons by publication will be sufficient to sustain a judgment in this court against the defendant, restricted to the property that has been attached. Clark v. Wells, 203 U. S. 164, 27 Sup. Ct. 43, 51 L. Ed. 138.

Motion denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes