## SULLIVAN et al. v. CANADIAN PAC. RY. CO. (two cases).

### Nos. 6845, 6846.

District Court, D. Massachusetts.

Feb. 10, 1938.

H. Wm. Radovsky and Chas. Soforenko, both of Fall River, Mass., for plaintiffs.

Richard W. Hall, of Boston, Mass., for defendant.

McLELLAN, District Judge.

On each of these actions of tort for personal injuries and death, originally brought in the state court and thence removed here, the defendant moves to dismiss and pleads in abatement.

The grounds for the motions to dismiss are stated therein as follows:

"1. That the defendant is a foreign corporation and as such is subject to be sued only under the provisions of General Laws, Chapter 227, Section 1 or General Laws, Chapter 223, Section 38.

"2. That it appears from the answers of the alleged trustees that no effectual attachment of the defendant's property within this Commonwealth has been made upon the original writ.

"3. That it does not appear that service of the writ was made upon the agent or other officer of the defendant in charge of its business in Massachusetts.

"4. That it appears that the defendant is an interstate carrier of freight and passengers doing business between various states of the United States and between various points in the United States and points in Canada, and that it has no line of Railroad or other property within the Commonwealth of Massachusetts."

The pleas in abatement allege that the defendant was not subject to process in this commonwealth, had no agent herein, was not doing business here, and had no property here subject to attachment, and that there has been no proper service of the plaintiffs' writs.

At yesterday's hearing it was agreed that the plaintiffs are bona fide residents of Massachusetts and that the injuries complained of were received in Canada.

The defendant called Louis R. Hart, on whose testimony I find that as an employee of the defendant, in charge of its passenger office in Boston, his duties were to solicit passenger business for the defendant, to supervise a staff of solicitors, to make up, issue and receive money for tickets, and to arrange for the transportation of passengers. He conferred with local ticket agents of other companies concerning travel and accommodations, gave them advice regarding these matters, and strove to direct travel from all New England over the defendant's lines. All money received by him was deposited in a bank to the defendant's account and he had no power to withdraw it. He received his salary from the defendant. Pay-roll and all other bills contracted by his office, including the office rent, were sent to and paid from the defendant's Montreal office. Complaints as to transportation and service were sometimes received by him and, where the payment of no money was involved, sometimes terminated as a result of conferences with the complainants. Complaints of greater importance were forwarded to the Montreal office. The defendant had its name listed in the Boston telephone directory, and it also maintained a freight office in Boston which was in charge of another employee.

The defendant maintained tracks in Canada, which entered the United States and there crossed state lines. It had no tracks in Massachusetts. When its cars came here over the lines of the Boston & Maine Railroad, they were manned by the latter's employees.

These facts are well-nigh identical with those in Stein v. Canadian Pacific Railway Company et al., Mass., 11 N.E.2d 457, 459, where the Supreme Judicial Court decided that the defendant was subject to the jurisdiction of the Massachusetts courts, and said: "The facts found by the trial judge and the supporting evidence recited in the record show activities by Hart which constitute the doing of business * * * within the commonwealth. They also show that service of process upon Hart as agent in charge of the business of [the defendant] was sufficient to subject [it] to the jurisdiction of the court," citing Reynolds v. Missouri, Kansas & Texas Railway, 224 Mass. 379, 113 N.E. 413, affirmed in 255 U.S. 565, 41 S.Ct. 446, 65 L.Ed. 788, sub nomine Missouri, Kansas & Texas Railway v. Reynolds. In the Stein Case, supra, process was served upon Hart, while in the cases at bar, no service has yet been made upon him for an obvious reason. Years ago, the defendant in writing appointed the Commissioner of Corporations and Taxation and his successor in office as its attorney upon whom all lawful process might be served, and agreed

that the process so served should be of the same force as if served on the corporation. This appointment was never revoked. The return of each writ shows that service was made on the Commissioner.

The defendant says that this appointment of an agent for service is invalid because, as to a railroad engaged in interstate commerce, the statute, Massachusetts General Laws, c. 181, § 3, providing therefor, is unconstitutional. The only cases cited by the defendant for this proposition are: Sioux Remedy Company v. Cope, 235 U.S. 197, 35 S.Ct. 57, 59 L. Ed. 193; Crutcher v. Kentucky, 141 U.S. 47, 11 S.Ct. 851, 35 L.Ed. 649; Dahnke-Walker Milling Company v. Gondurant, 257 U.S. 282, 42 S.Ct. 706, 66 L.Ed. 239; McNeal-Edwards Company v. Frank L. Young Company, 1 Cir., 42 F.2d 362, 371; Frost Trucking Company v. Railroad Commission, 271 U.S. 583, 593, 46 S.Ct. 605, 70 L.Ed. 1101, 47 A.L.R. 457; Buck v. Kuykendall, 267 U.S. 307, 316, 45 S.Ct. 324, 69 L.Ed. 623, 38 A.L.R. 286; and Smith v. Cahoon, 283 U.S. 553, 564, 51 S. Ct. 582, 75 L.Ed. 1264. I find nothing in any of them to warrant the conclusion that the defendant's appointment of an agent for service is void. And it may be added that I find nothing in these cases requiring the conclusion that under the circumstances and as to this defendant, the statute, in so far as it requires such an appointment, violates any constitutional right. See Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, upholding a statute which provides in substance that the use of the state's highways by a nonresident motorist shall be deemed equivalent to an appointment by him of the Registrar of Motor Vehicles as his attorney upon whom service of process in certain actions may be made.

Both of the present actions were begun by trustee process, and in each the Boston & Maine Railroad and the New York, New Haven & Hartford Railroad are named as trustees. The latter, in its answer, says in substance that its affairs are in the possession of trustees appointed by the federal court under section 77 of the Bankruptcy Act, as amended, 11 U.S. C.A. § 205, and that at the time of the service of the process it had no goods or effects of the defendant in its possession. The Boston & Maine Railroad's answer need not be discussed in detail. It is tantamount to a statement that, having business with the defendant, it would be burdensome as of a particular day to prepare a statement showing whether or not it had moneys of the defendant in its possession.

As to the trustee process it is enough to add that while this court has no original jurisdiction of a case based solely on the attachment of a nonresident's property, the want of personal jurisdiction over the defendant does not prevent the court in a case removed from the state court from entering a judgment enforceable against the attached property. Clark v. Wells, 203 U.S. 164, 27 S.Ct. 43, 51 L.Ed. 138.

In view of the service upon the Commissioner of Corporations, whom the defendant had appointed as its agent for service, the nature of the business conducted here by the defendant, and the plaintiffs' attachments, the motions to dismiss and the pleas in abatement are overruled.