**Dee Anne BOWER, Plaintiff,**

v.

**GARNIER CONSTRUCTION CO., a corporation, Constance A. Garnier, Trustee, and Garnier Enterprises, Inc., co-partners doing business under the name and style of San Jose Ranch Co., Defendants,**

**Whittier Utility Supply Co., a California corporation, Applicant for Intervention.**

**Camille A. GARNIER and Anton Garnier, Plaintiffs,**

v.

**Beverly W. PERKINS, United States Marshal for the District of Nevada, and Ralph Lamb, Sheriff of Clark County, Nevada, Defendants.**

Nos. Civil–LV–1019, Civil–LV–1071.

United States District Court
D. Nevada.

Dec. 13, 1967.

Rudiak & Publow, Las Vegas, Nev., for plaintiffs and applicant for intervention.

Joseph L. Ward, U. S. Atty., George E. Franklin, Jr., Dist. Atty., Clark County, Galane & Wines, Las Vegas, Nev., Louis L. Abbott, Los Angeles, Cal., for defendants.

## OPINION

ROGER D. FOLEY, Chief Judge.

On March 17, 1967, Plaintiffs Camille A. Garnier and Anton Garnier commenced an action, No. A–41729, in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, against certain non-resident defendants over whom the Nevada Court had no jurisdiction.[1] On March 24, 1967, Plaintiffs caused the Sheriff of Clark County, Nevada, to attach a certain bank account at a Las Vegas, Nevada, bank in the name of one of the non-resident defendants and caused a writ of attachment to be issued by the Sheriff of Clark County, Nevada, against the said bank account.

On the same day, March 17, 1967, Camille A. Garnier, through an assignee, Dee Anne Bower, a Nevada citizen, commenced an action, No. A–41730, in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, against certain non-resident defendants over whom the Nevada Court had no jurisdiction.[2] On March 23, 1967, Plaintiff in A–41730 caused the Sheriff of Clark County, Nevada, to attach in Nevada and to take into his physical custody Stock Certificate No. 1 for 1,980 shares of one of the non-resident defendant corporations, Garnier Enterprises, Inc., issued to San Jose Ranch Co., a partnership. Asserting that the Nevada State Court had jurisdiction over the stock certificate, Plaintiff obtained an order for publication of summons in the State Court and caused service to be made by publication in a Nevada newspaper and by mailing a copy of the summons and complaint to the non-resident defendants in California. On April 19, 1967, the said non-resident defendants effected removal of the Case No. A–41730 from the Nevada State Court to this Court. The case was assigned Civil–LV–1019 in this Court. The attached stock certificate remained in the physical custody of the Sheriff of Clark County, Nevada, until June 23, 1967, when, by order of this Court, the stock certificate was taken from the physical custody of the Sheriff by the

---

1. The names of the defendants in A–41729 are Constance A. Garnier, individually and as Trustee of the Garnier Trust, Garnier Enterprises, Inc., a corporation, San Jose Ranch Company, a co-partnership comprised of Constance A. Garnier, Trustee and Garnier Enterprises, Inc., a corporation, and June White, an individual, et al.

2. The defendants named were Garnier Construction Co., a corporation, Constance A. Garnier, Trustee, Garnier Enterprises, Inc., co-partners doing business under the name and style of San Jose Ranch Co.

United States Marshal for the District of Nevada, in whose custody it remains. After removal had been effected, counsel for the Plaintiff made an attempt to dismiss Case No. A–41730 in the State Court. After removal, this Court entertained and ruled upon a number of motions by both the Plaintiff, the Defendants and a California corporation, Whittier Utility Supply Co., an applicant for intervention, culminating in an order dated October 6, 1967, which provided as follows:

> "IT IS ORDERED that plaintiff's Motion to Amend Complaint is hereby denied.

> "IT IS FURTHER ORDERED that Whittier Utility Supply's Motion to Intervene is hereby denied.

> "IT IS FURTHER ORDERED that plaintiff's Motion to Remand is hereby denied.

> "IT IS FURTHER ORDERED that plaintiff's Motion to Dismiss is hereby denied.

> "IT IS FURTHER ORDERED that defendant's Motion for Change of Venue is hereby granted.

> "IT IS FURTHER ORDERED that this case be transferred to U. S. District Court, Central District of California.

> "The Court directs the U. S. Marshal for the District of Nevada to turn over the stock certificate now held by him pursuant to this Court's Order, to the U. S. Marshal for the Central District of California, to hold same until further Order of the U. S. District Court for the Central District of California.

> "IT IS FURTHER ORDERED that this Court's Order transferring case and stock certificate is hereby stayed for ten (10) days."

The stay order was extended until November 22, 1967, at which time additional motions were argued and taken under submission and the stay order was, at that time, further continued until further order of this Court.

On May 5, 1967, the Plaintiffs in the first State Court action, A–41729, caused the Sheriff of Clark County, Nevada, to levy an attachment upon the same stock certificate previously attached in Case No. A–41730. Plaintiffs in Case No. A–41729, asserting that the State Court, in said action No. A–41729, now had jurisdiction over the said stock certificate, obtained an order for publication of summons from the State Court and caused service to be made by publication in a Nevada newspaper and by mailing a copy of the summons and complaint to the non-resident defendants in California. After completion of said service and the expiration of time to answer, the Plaintiffs in Case No. A–41729 obtained a default judgment against the defendants in that action. The State Court, among other things, found:

> "2. That the Court has jurisdiction and control over a *res* within the State of Nevada belonging to Defendant SAN JOSE RANCH COMPANY, a co-partnership, which *res* consists of Stock Certificate No. 1 for 1980 shares of the capital stock of Defendant GARNIER ENTERPRISES, INC. issued to, and standing in the name of Defendant, SAN JOSE RANCH COMPANY, which stock certificate was, at the time of the levy of attachment herein, in the physical custody and control of the Sheriff of Clark County, Nevada."

Based upon the default judgment obtained in Case No. A–41729, Plaintiffs commenced in this case, Civil–LV–1071, against the Marshal for the District of Nevada and the Sheriff of Clark County, Nevada, praying, among other things, for an order that this Court declare its order of October 6, 1967, in Civil–LV–1019, directing the United States Marshal to deliver the stock certificate to the United States Marshal for the Central District of California, to be null and void, and further, that the United States Marshal for the District of Nevada be directed to return the stock certificate to the Sheriff of Clark County, Nevada.

On November 22, 1967, this Court heard and took under submission the Plaintiffs' motion for preliminary injunction in Civil–LV–1071, seeking to restrain the United States Marshal for the District of Nevada from delivering the stock certificate to the United States Marshal for the Central District of California.[3]

### Civil–LV–1071

Covell v. Heyman, 1883, 111 U.S. 176, 4 S.Ct. 355, 356, 28 L.Ed. 390. Beginning at page 179 of 111 U.S., at page 356 of 4 S.Ct., at page 391 of 28 L.Ed., the Court says:

"The point of the decision in Freeman v. Howe, supra [24 How. 450, 16 L.Ed. 749] is, that when property is taken and held under process, *mesne* or final, of a court of the United States, it is in the custody of the law, and within the exclusive jurisdiction of the court from which the process has issued, for the purposes of the writ; that the possession of the officer cannot be disturbed by process from any state court, because to disturb that possession would be to invade the jurisdiction of the court by whose command it is held, and to violate the law which that jurisdiction is appointed to administer; * * *."

At page 180 of 111 U.S., at page 357 of 4 S.Ct., at page 392 of 28 L.Ed., we find the following language:

" * * * 'that whenever property has been seized by an officer of the court, by virtue of its process, the property is to be considered as in the custody of the court, and under its control for the time being; and that no other court has a right to interfere with that possession * * *.

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principal of comity with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States, it is something more. It is a principle of right and of law, and therefore of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they co-exist in the same space, they are independent and have no common superior. They exercise jurisdiction, it is true, within the same territory but not in the same plane; and when one takes into its jurisdiction a specific thing, that *res* is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void. The regulation of process, and the decision of questions relating to it, are part of the jurisdiction of the court from which it issues."

Kern v. Huidekoper, 1880, 103 U.S. 485, 26 L.Ed. 354. At page 489 of 103 U.S., at page 356 of 26 L.Ed., the Court states:

"The Circuit Court of Cook County and the Circuit Court of the United States both claimed jurisdiction of the case and both rendered final judgments therein, the State Court in favor of the plaintiff in error and the United States Court in favor of the defendants in error.

"Most of the points raised upon the record will be solved by a settlement of the question, which court had jurisdiction of the case when said final judgments were rendered.

* * * * * *

"The cases of Taylor v. Carryl, 20 How., 583 [61 U.S., XV., 15 L.Ed. 1028]; Freeman v. Howe, 24 How., 450 [65 U.S., XVI., 16 L.Ed. 749], and Buck v. Colbath, 3 Wall., 334

---

3. For information regarding the extensive litigation in which the Garnier family has been involved, read Amar v. Garnier Enterprises, Inc., C.D.Cal., 41 F.R.D. 211, 213.

[70 U.S., XVIII., 18 L.Ed. 257], relied on by the plaintiff in error, are not in point.

"Those cases decide that property held by an officer of one court by virtue of process issued in a cause pending therein, cannot be taken from his possession by the officer of another court of concurrent jurisdiction, upon process issued in another case pending in the latter court.

"But here there is but one case. It is brought in the State Court. It falls within the terms of the Act of Congress for the removal of causes. When the prerequisites for removal have been performed, the paramount law of the land says that the case shall be removed, and the case and the *res* both go to the Federal Court. The fact that the State Court, while the case was pending in it, had possession of the subject-matter of the controversy, cannot prevent the removal, and when the removal is accomplished, the State Court is left without any case, authority or process by which it can retain possession of the *res*. The suit and the subject-matter of the suit are both transferred to the Federal Court by the same act of removal; * * * There is no interference with the rightful jurisdiction of the State Court, and no wresting from its possession of property which it has the right to retain."

And on page 493 of 103 U.S., on page 357 of 26 L.Ed.:

"After the filing in the United States Circuit Court, on July 27, 1877, of the record of the proceedings in the State Court, the latter lost all jurisdiction over the case, and being without jurisdiction, its subsequent proceedings and judgment were not, as some of the State Courts have ruled, simply erroneous, but absolutely void."

28 U.S.C. § 1450 provides in pertinent part:

"Whenever any action is removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment or decree in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court."

Cf. Clark v. Wells, 203 U.S. 164, 171, 27 S.Ct. 43, 51 L.Ed. 138.

When removal of Case No. A–41730 was effected on April 19, 1967, the said stock certificate, although in the hands of the Sheriff of Clark County, Nevada, was, as of that same day, April 19, 1967, exclusively within the jurisdiction of this Court. The attempted dismissal in State Court of A–41730 was a nullity. The levy of attachment in A–41729 on May 5, 1967, attempted on the said stock certificate, was null and void. The State Court, in A–41729, acquired no jurisdiction over the stock certificate, and its default judgment, to the extent that it is predicated upon the attachment of the stock certificate, is also null and void. Therefore, Civil–LV–1071 does not state a claim upon which relief can be granted. The same is dismissed with prejudice.

### Civil –LV–1019

1. The application for a certificate for immediate appeal under 28 U.S.C. § 1292(b) is denied.

2. The motion for a stay pending appeal is denied.

3. The motion for substitution of counsel is denied.

4. The Clerk of this Court is directed to forthwith comply with the order of this Court of October 6, 1967, to transfer this action to the Clerk of the United States District Court for the Central District of California.

5. The Marshal of this District is directed to forthwith comply with this Court's order of October 6, 1967, and to transfer to the United States Marshal for the Central District of California the said stock certificate, to be held by the Marshal for the Central District of California until further order of the United States District Court for the Central District of California.