USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1278 MARY OSBORNE, Plaintiff - Appellant, v. SANDOZ NUTRITION CORP., Defendant - Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Aldrich and Coffin, Senior Circuit Judges. _____________________ _____________________ Kevin M. Walkowski, with whom Matthew J. Ryan, Jr., Michael __________________ ____________________ _______ K. Callan and Doherty, Wallace, Pillsbury & Murphy, P.C. were on __________ __________________________________________ brief for appellant. Thomas J. Scannell, with whom Bowditch & Dewey was on brief ___________________ ________________ for appellee. ____________________ October 6, 1995 ____________________ Per Curiam. Plaintiff-Appellant, Mary Osborne Per Curiam. ____________ ("Osborne"), appeals the district court's dismissal of her complaint for insufficient service of process. For the reasons stated below, we affirm. BACKGROUND BACKGROUND __________ Osborne brought a personal injury suit in Hampden County Superior Court for the Commonwealth of Massachusetts on August 30, 1994 against defendant-appellee, Sandoz Nutrition Corporation ("Sandoz"). Osborne failed to comply with Massachusetts Rule of Civil Procedure 4(j), which required her to effect service of her complaint within 90 days from the date of filing (i.e., on or before November 28, 1994), and mandated dismissal unless she showed good cause for untimely service. On November 30, 1994, Osborne filed with the state court an Emergency Motion to Extend Tracking Order to Allow Service of Process ("Emergency Motion"), which defendant opposed. Osborne completed service of process on Sandoz on December 29, 1994, one month after the deadline and with the Emergency Motion still pending. On January 13, 1995, the action was removed upon Sandoz' motion, pursuant to 28 U.S.C. 1332 and 28 U.S.C.  1441, to the United States District Court for the District of Massachusetts. On January 23, 1995, Sandoz moved to dismiss, asserting insufficient service of process pursuant to Massachusetts law. The district court granted Sandoz' motion to dismiss. The district court reasoned that, under Federal Rule of Civil -2- Procedure 81(c), Massachusetts Rule of Civil Procedure 4(j) applies relative to the time frame for effectuating service of process, and that, under Massachusetts case law, Osborne failed to show good cause for failure to serve process in a timely manner. Final judgment was entered on March 6, 1995, and Osborne filed this appeal on March 9, 1995. On appeal, Osborne contends that 28 U.S.C. 1448 mandates application of Federal Rule of Civil Procedure 4(m) (which provides Osborne with 120 days to effect service of process from the date of removal) and that, even if Massachusetts Rule of Civil Procedure 4(j) applies, Osborne can demonstrate good cause for the delay in service of process. DISCUSSION DISCUSSION __________ The district court's decision as to which procedural rule applies is a question of law subject to plenary review. See ___ New Hampshire Ball Bearings v. Aetna Casualty and Surety Co., 43 ____________________________ _____________________________ F.3d 749, 752 (1st Cir. 1995); LoVuolo v. Gunning, 925 F.2d 22, _______ _______ 25 (1st Cir. 1991). We view this appeal as involving the straightforward application of state procedural law regarding service of process prior to removal to federal court. The district court correctly applied state procedural law prior to removal because state law governs the service of process prior to removal to the district court. Fed. R. Civ. P. 81(c). See ___ Winkels v. George A. Hormel & Co., 874 F.2d 567, 570 (8th Cir. _______ _______________________ 1989); Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160, 168 ________ ___________________________ -3- (3d Cir. 1976). See also Garden Homes, Inc. v. Mason, 238 F.2d ________ ___________________ _____ 651, 653 (1st Cir. 1956). In this respect, we reject Osborne's contention that 28 U.S.C. 1448, which governs procedure only after removal to federal court, mandates application of Federal Rule of Civil Procedure 4(m). Osborne asserts that service of process was "unperfected" or "defective" within the meaning of 28 U.S.C.  1448 as of the date of removal because her Emergency Motion was still pending before the state court when the action was removed. We reject Osborne's argument because the district court, pursuant to the general rule that state law governs sufficiency of process prior to removal and should be applied by federal courts in determining whether there were procedural deficiencies prior to removal, applied the same test that the state court would have applied in deciding the Emergency Motion; that is, whether, under Massachusetts Rule of Civil Procedure 4(j) and applicable case law, Osborne demonstrated good cause for failure to serve process in a timely manner. Fed. R. Civ. P. 81(c); Winkels, 874 F.2d at _______ 570. Osborne had the same opportunity before the district court to demonstrate good cause for failure to timely serve process that she would have had before the state court had the case not been removed to district court. Furthermore, we agree with the district court's conclusion that the doctrine enunciated in Hanna v. Plummer, 380 _____ _______ U.S. 460 (1965), and the provisions of 28 U.S.C. 1448 do not apply. Applying Section 1448 would ignore Osborne's procedural -4- deficiency in state court, and effectively penalize Sandoz for exercising its removal right. We decline to use Section 1448, as the district court noted, to "breathe jurisprudential life in federal court to a case legally dead in state court." Witherow, ________ 530 F.2d at 168. We turn to the district court's application of Massachusetts precedent (as opposed to federal precedent) in its determination of whether Osborne demonstrated good cause for her failure to timely serve process. Contrary to Osborne's contentions, we note that once the district court correctly decided to apply Massachusetts Rule of Civil Procedure 4(j), it correctly applied Massachusetts precedent construing good cause under Massachusetts Rule of Civil Procedure 4(j). The district court's finding that Osborne failed, under Massachusetts Rule of Civil Procedure 4(j) and applicable case law, to show good cause for her failure to make timely service is reviewed for abuse of discretion. Benjamin v. Grosnick, 999 F.2d ________ ________ 590, 591 (1st Cir. 1993). Based on our review of the record below, we find no abuse of discretion by the district court in its finding that Osborne failed to demonstrate good cause for failure to timely serve process. See Hull v. Attleboro Savings ___ ____ _________________ Bank, 33 Mass. App. Ct. 18, 26 (1992); Shuman v. The Stanley ____ ______ ____________ Works, 30 Mass. App. Ct. 951 (1991). _____ In sum, we find that the district court applied the correct legal standards and did not abuse its discretion in -5- dismissing Osborne's complaint for insufficient service of process. Affirmed. ________ -6-